**NCR CORPORATION, et al., Appellants,**

v.

**MR. PENGUIN TUXEDO RENTAL AND SALES, INC., Appellee.**

No. 11–83–218–CV.

Court of Appeals of Texas, Eastland.

Dec. 15, 1983.

Rehearing Denied Jan. 12, 1984.

Donald L. Anderson, Jr., E. Lee Haag, III, Whitten, Haag, Hacker, Hagin & Parker, Abilene, for appellants.

W.L. Burke, Jr., Burke & Weeks Law Office, Inc., Abilene, Richard L. Perez, Perez & McNabb, Orinda, Cal., for appellee.

DICKENSON, Justice.

Mr. Penguin Tuxedo Rental and Sales, Inc. sued NCR Corporation and its sales representative, Sanders Bailey, after a dispute developed over a computer system which had been purchased by plaintiff. Plaintiff alleged deceptive trade practices and fraudulent misrepresentations, seeking actual damages in excess of $100,000 and exemplary damages in excess of $2,030,000.

Defendants filed their "Motion for Stay of Action Pending Arbitration and Plea in Abatement." On August 15, 1983, the trial court entered its "Order Overruling Motion to Compel Arbitration." Defendants have attempted to perfect an appeal from this interlocutory order.

The general rule in Texas is that an appeal may be prosecuted only from a final judgment, and in order to be final the judgment must dispose of all parties and all issues pending before the court. *Schlipf v. Exxon Corporation,* 644 S.W.2d 453 (Tex. 1982); *North East Independent School District v. Aldridge,* 400 S.W.2d 893 at 895 (Tex.1966); *Cessna Aircraft Company v. Hotton Aviation Company, Inc.,* 620 S.W.2d

231 at 233 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.); *Citizens National Bank of Beaumont v. Callaway,* 597 S.W.2d 465 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.); 4 McDONALD, TEXAS CIVIL PRACTICE sec. 17.04 (Rev.1971).

■ This case does not come within any of the exceptions to the general rule. The Texas General Arbitration Act is not applicable. The only agreement between the parties which purports to require compulsory arbitration was made in 1978. At that time TEX.REV.CIV.STAT.ANN. article 224 (Vernon 1973) provided in pertinent part:

> (A) provision in a written contract *concluded upon the advice of counsel to both parties as evidenced by counsels' signatures thereto* to submit to arbitration any controversy thereafter arising between the parties is valid.... (Emphasis added)

The 1978 agreement does not show that it was concluded upon the advice of counsel; therefore, it is not enforceable under the Texas General Arbitration Act. We note that Article 224 was amended in 1979, and contemporaneously with its amendment, Article 224–1 became effective providing:

> No agreement described in Article 224 shall be arbitrated unless notice that a contract is subject to arbitration under this Act is typed in underlined capital letters, or is rubber-stamped prominently, on the first page of the contract.

None of the agreements involved in this proceeding would be enforceable under the terms of Article 224–1. Since the agreements are not enforceable under the Texas Act, the interlocutory appeal authorized by that act is not available. See TEX.REV. CIV.STAT.ANN. art. 238–2 (Vernon 1973). The Federal Arbitration Statutes, 9 U.S.C. secs. 1–14, do not provide for interlocutory appeals of proceedings pending in state courts.

■ Appellants frankly concede that they have found "no clear cut authority in Texas that this matter is appealable." Consequently, we hold that the general rule is applicable and that we do not have jurisdiction to entertain this interlocutory appeal.

The appeal is dismissed.