**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Appellants,**

v.

**J.B. HUGHES, et al., Appellees.**

**No. 13–91–158–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 16, 1991.

Rehearing Overruled June 12, 1991.

Wendell W. Hall, Fulbright & Jaworski, San Antonio, D. Dudley Oldham, John B. Beckworth, Houston, for appellants.

Francis I. Gandy, Jr., Corpus Christi, for appellees.

## OPINION

**PER CURIAM.**

Appellants, Merrill Lynch, Pierce, Fenner & Smith, Inc., et al., attempt to bring an interlocutory appeal from an order of the trial court denying their motion to compel arbitration and to stay proceedings pending arbitration. Because we do not believe that we have jurisdiction to hear the appeal, we dismiss.

Appellees, J.B. and Hazel Hughes, originally sued appellants for negligence and DTPA violations in connection with a financial account that appellees maintained with Merrill Lynch. Appellants, however, by a Motion to Compel Arbitration and Stay Pro-

ceedings Pending Arbitration, specifically invoked the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, (1983), as their authority to compel the appellees to submit these claims to arbitration. After the trial court denied their motion, appellants brought the present appeal on the grounds that Tex.Rev.Civ.Stat.Ann. art. 238–2 (Vernon 1973), which allows interlocutory appeal from an order denying an application to compel arbitration under the provisions of the Texas General Arbitration Act, provides this Court with jurisdiction over the present appeal.

Generally, an appeal lies only from a final judgment. *Schlipf v. Exxon Corp.*, 644 S.W.2d 453 (Tex.1982); *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966). In addition, although an action to compel arbitration under the Federal Arbitration Act may be brought in state as well as federal court, the provisions of the Federal Arbitration Act do not authorize an interlocutory appeal from a state court order denying a motion to stay or compel arbitration brought under the federal act. *See Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 867 F.2d 1518, 1521 (5th Cir.1989); *NCR Corp. v. Mr. Penguin Tuxedo Rental and Sales, Inc.*, 663 S.W.2d 107, 108 (Tex. App.—Eastland 1983, writ ref'd n.r.e.); 9 U.S.C.A. § 15 (West Supp.1990).

Nevertheless, appellants contend that the Texas General Arbitration Act, Tex.Rev. Civ.Stat.Ann. art. 238–2 (Vernon 1973), authorizes the present interlocutory appeal. Article 238–2(A)(1) provides for an interlocutory appeal from "[a]n order denying an application to compel arbitration made under Section A of Article 225." Article 225(A) of that act provides that "[o]n application of a party showing an agreement described in Article 224 of this Act, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration...." Finally, article 224 (Vernon Supp.1991), provides that, with certain exceptions, "[a] written agreement to submit any existing controversy to arbi-

tration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." [1]

Appellants contend that the underlying written agreement to arbitrate in the present case is valid under either the Federal Arbitration Act or article 224 of the Texas General Arbitration Act, and that the present denial of their motion to compel arbitration is appealable under article 238–2, regardless of whether they entered into the agreement pursuant to the state or the federal act. We disagree with this analysis.

■ We do not question the intentions of the parties when they originally entered into the agreement, nor do we here express any opinion on whether the agreement is in fact valid under either the state or the federal act. We question our jurisdiction because appellants failed to raise their right to compel arbitration under the state act in the trial court.

■ The right to compel arbitration is substantive law, not merely a procedural rule. *See Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). In the present case, appellants chose to ignore the state act entirely and, instead, invoked the federal act as the sole basis for compelling arbitration. Appellants never suggested in their motion that they sought to compel arbitration under the provisions of articles 224 and 225 of the Texas General Arbitration Act, but did specifically refer to the Federal Arbitration Act for their authority. Therefore, they should not now be allowed to invoke the provisions of the state act to take advantage of its allowance of an interlocutory appeal in state court. *See NCR Corp. v. Mr. Penguin Tuxedo Rental and Sales, Inc.,* 663 S.W.2d 107, 108 (Tex.App.—Eastland 1983, writ ref'd n.r.e.).

■ Nevertheless, appellants further argue that, even if they did bring their motion exclusively under the federal act and not pursuant to articles 224 and 225 of the state act, given the obligation of the state courts to enforce arbitration agreements under the Federal Arbitration Act, logic compels the conclusion that an order denying a motion to compel arbitration under the federal act is appealable under article 238–2. The obligation to enforce substantive federal rights does not extend to the creation of an interlocutory appeal, a procedural device not otherwise authorized by the laws of this State. *See Southland; NCR,* 663 S.W.2d at 108.

We hold that appellants are not entitled to bring the present appeal under the provisions of article 238–2, and that this Court lacks jurisdiction over the interlocutory order brought before us by appellants. Therefore, appellants' motion to stay proceedings, motion for expedited consideration, and motion for extension of time to file brief are all dismissed, and this appeal is hereby DISMISSED FOR WANT OF JURISDICTION.

---

1. The Federal Arbitration Act, 9 U.S.C. §§ 2, 3 and 4 (1983), likewise contains provisions similar to those in articles 224 and 225(A) of the state act, concerning the validity of arbitration agreements and the power of a court to compel arbitration. *See Gulf Interstate Engineering Co. v. Pecos Pipeline and Producing Co.,* 680 S.W.2d 879, 880–81 (Tex.App.—Houston [1st Dist.] 1984, writ dism'd).