Steve **CHILDERS**, Appellant,

v.

**ADVANCED FOUNDATION REPAIRS**, Appellee.

No. 13–04–193–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 18, 2005.

---

Regina Bacon Criswell, Law Offices of Regina Bacon Criswell, Heltoes, for Appellant.

Thomas G. Farrier, Murphy, Mahon, Keffler, & Farrier, LLP, Fort Worth, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## MEMORANDUM OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Steve Childers, attempts to bring an interlocutory appeal from a trial court order granting appellee's motion to dismiss and to compel arbitration pursuant to the arbitration provision in the contract between the parties. Because we do not have jurisdiction to hear the appeal, we dismiss.

## I. Facts

Appellant originally brought suit against Advanced Foundation Repair (AFR) for claims arising out of a contract to perform foundation repair on appellant's home. The contract included a provision requiring the arbitration of any dispute arising under the warranty. The arbitration provision specifically provided:

> In the event that Owner and Company cannot agree that the movement in the foundation has been controlled and settlement is within the tolerances specified above, it is specifically agreed by acceptance of this warranty that the matter shall be determined by binding arbitration as follows: ... Arbitration shall be conducted in accordance with the rules prevailing of the American Arbitration Association or any successor thereto.

Citing this clause, AFR's first motion to dismiss sought to invoke the provisions of the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq. (2005), as its authority to compel appellant to submit the claims to arbitration. Appellant asserted below, and asserts now on appeal, that neither the FAA or, in the alternative, the Texas General Arbitration Act (TGAA) apply to this dispute.

The parties do not dispute the existence of an arbitration provision in the contract. Therefore, there are only two determinations we need to make in order to resolve this appeal: (1) whether appellant seeks appeal pursuant to FAA or TGAA provisions; and (2) whether AFR properly invoked the provisions of the FAA.

## II. Jurisdiction

When a disputed claim is subject to the FAA, Texas courts apply state rules of procedure and federal substantive law. *See Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 268–70 (Tex.1992) (orig. proceeding); *see also Prudential–Bache Sec.,*

*Inc. v. Garza,* 848 S.W.2d 803, 806 (Tex. App.-Corpus Christi 1993). Under Texas procedure, appeals may be had only from final orders or judgments. Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp. 2004–05); *Anglin,* 842 S.W.2d at 272. Interlocutory orders may be appealed only if permitted by statute. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985) (orig. proceeding). A final judgment is one which disposes of all legal issues between all parties. *Anglin,* 842 S.W.2d at 272; *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1986).

■ Although an action to compel arbitration under the FAA may be brought in both state and federal court, the provisions of the FAA do not authorize an interlocutory appeal from a state court order denying or granting a motion to compel arbitration. *See Anglin,* 842 S.W.2d at 271–72; *Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 867 F.2d 1518, 1521 (5th Cir.1989); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hughes,* 809 S.W.2d 679, 680 (Tex.App.-Corpus Christi 1991, writ dism'd). Texas, on the other hand, does permit such action pursuant to the TGAA. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.098 (Vernon Supp.2004–05). This means for our purposes that if the FAA applies to an arbitration dispute, we do not have jurisdiction to review via an interlocutory appeal a motion to compel arbitration, while if the TGAA applies, we may entertain such an appeal. An arbitration clause governed by the FAA is instead properly reviewed via a writ of mandamus proceeding. *See EZ Pawn v. Mancias,* 934 S.W.2d 87, 88 (Tex. 1996) (per curiam).

■ Appellant contends that the affidavit submitted in support of AFR's motion to dismiss cannot properly invoke the FAA. We disagree. The FAA "applies to all suits in state or federal court when the dispute concerns 'a contract evidencing a transaction involving commerce.'" *See Anglin,* 842 S.W.2d at 269–70. There is a strong liberal federal policy in favor of arbitration, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and Texas courts have dictated that the FAA should be read broadly to extend as far as the Commerce Clause of the U.S. Constitution will reach. *See In re FirstMerit Bank, N.A. f/k/a Signal Bank, N.A. & Mobil Consultants, Inc.,* 52 S.W.3d 749, 754 (Tex.2001). Therefore, "commerce" under the FAA must be broadly construed. *Moses,* 460 U.S. at 24, 103 S.Ct. 927. It is not limited to interstate shipment of goods, but also includes all contracts *relating* to interstate commerce. *See Prima Paint v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 401, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (emphasis added). If any aspect of the contract involved or related to interstate commerce, the FAA, and not the TGAA, governs the dispute. *See Serv. Corp. Int'l v. Lopez,* 162 S.W.3d 801, 807 (Tex.App.-Corpus Christi 2005, no pet.). This is typically established through an affidavit or other evidence from an involved party attesting to interstate aspects of the contract. *See id.; Lost Creek Mun. Util. Dist. v. Travis Indus. Painters Inc.,* 827 S.W.2d 103, 105 (Tex.App.-Austin 1992, writ denied) (paint and epoxy manufactured in another state may be evidence of interstate commerce).

### III. The Affidavit

■ An affidavit purporting to invoke the FAA may be proper evidence in summary judgment proceedings so long as it is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. *See Trico Tech. Corp. v. Montiel,* 949 S.W.2d 308, 310 (Tex.1997).

"Could have been readily controverted" does not mean the evidence could have been easily and conveniently rebutted, but rather indicates that it could have been effectively countered by opposing evidence. *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989). Although the proceeding below was not decided upon motion for summary judgment, logic insists that contested issues decided summarily should follow similar rules. *See Anglin*, 842 S.W.2d at 269 (discussing rules prescribed to summary determinations).

Here, AFR submitted to the trial court an affidavit listing materials and items that involved or related to interstate commerce. Appellant complains that none of the materials or items listed in the affidavit by AFR's agent were sufficiently identified in any respect to enable a proper investigation, and thus was not susceptible of being controverted. However, ample discovery tactics are available to discover this information. Appellant made no attempt at discovery though AFR's affidavit regarding the interstate aspects of the contract could have been readily controverted. *See, e.g., Trico*, 949 S.W.2d at 310 (affidavit could have been readily controverted if in discovery opposing party had inquired into similar discharge instances); *Crooks v. Moses*, 138 S.W.3d 629, 642 (Tex.App.-Dallas 2004, no writ) (trial court could properly rely on deposition testimony where no attempt at discovery to controvert had been made); *Double Diamond, Inc. v. Van Tyne*, 109 S.W.3d 848, 853 (Tex.App.-Dallas 2003, no writ) (statements in affidavit could have been effectively countered by opposing testimony); *Eckels v. Davis*, 111 S.W.3d 687, 698 (Tex.App.-Fort Worth 2003, pet. denied) (deposition could have effectively countered opposing evidence).

We conclude that the affidavit testimony of AFR's agent established that interstate commerce was involved and thus, properly invoked the provisions of the FAA. Therefore, we determine that the trial court's ruling on the motion to dismiss and compel arbitration relied on the authority of the FAA. As stated above, we may only review an FAA-related decision to compel arbitration through a writ of mandamus and not through an interlocutory appeal such as this. Appellant failed to file a petition for a writ of mandamus pursuant to the FAA in order to properly invoke our jurisdiction and contest the trial court's order, and instead attempted to bring an interlocutory appeal only. Accordingly, we must dismiss this appeal for lack of jurisdiction.

## IV. Conclusion

We dismiss this appeal for lack of jurisdiction.