In the Matter of the Arbitration of Controversies between NECCHI SEWING MACHINE SALES CORP. and Elna Sewing Machine Co., Inc., Petitioners, and SEWLINE COMPANY, Respondent.

United States District Court
S. D. New York.
June 28, 1960.

2. 2 Cir., 250 F.2d 678, 680.

3. 2 Cir., 54 F.2d 532, 534.

Herbst & Herbst, New York City, for petitioners. Samuel B. Herbst, New York City, of counsel.

Dunne & Walsh, New York City, for respondent. William D. Dunne, New York City, of counsel.

CASHIN, District Judge.

This is a motion for an order allowing the opening up of a default in a proceeding to compel arbitration. The papers upon which the present application is made refer to the Sewline Company as petitioner and Necchi Sewing Machine Sales Corp. and Elna Sewing Machine Co., Inc., as respondents. However, the proceeding is one to compel arbitration brought on by the petition of Necchi and Elna directed to Sewline. The original characterizations of the parties will, therefore, be used in this Opinion.

Petitioners and respondent entered into a contract entitled a "Distributor's Agreement" on June 12, 1958. The contract contained the following arbitration clause:

"Any controversy, grievance or claim between the parties herein arising out of or related to this contract, its interpretation, performance, or breach, or out of the relationship between the parties or for any cause or reason whatsoever, shall be submitted for arbitration to the American Arbitration Association in the City of New York in accordance with its then rules, and judgment upon the award rendered may be entered in any court having jurisdiction thereof."

On January 15, 1960 petitioners, in accordance with the terms of the contract, served a 30 day termination notice. Subsequently, respondent instituted, in the State courts of Oregon, two actions. One action demands a judgment in the amount of $86,000 or, in the alternative, the cancellation of assignments of accounts receivable by respondent to petitioners. The assignments had to do with financing under the distributorship agreement. The other action demands damages in the amount of $1,000,000, one-half compensatory and one-half punitive, alleging fraudulent misrepresentations by petitioners with reference to the relationship between the parties with reference to respondent's distributorship.

On April 8, 1960 petitioners obtained an order to show cause which would al-

low them to bring on this petition to compel arbitration by service of the petition by registered mail on respondent in Oregon, on or before April 9, 1960. Service, in accordance with the order to show cause, was duly made. Respondent did not lack actual notice since, on the return date of the petition, there was before the court a letter from respondent's Oregon counsel protesting the jurisdiction of the court. The petition to compel arbitration and to restrain the state court actions was granted by default.

The present application seeks to raise the following defenses:

(1) Lack of jurisdiction over the subject matter;

(2) Lack of jurisdiction over the person;

(3) Improper venue;

(5) Insufficiency of service of process, and

(6) Failure to state a claim upon which relief can be granted.*

■ Defenses (1) and (6) are related and will be considered together. Clearly, a distributorship contract between New York corporations and an Oregon corporation or partnership covering the states of Idaho, Oregon, Washington and Alaska, is a "transaction involving commerce" (9 U.S.C. § 2) and cognizable under the Federal Arbitration Act. Subject matter jurisdiction thus exists. Robert Lawrence Co. v. Devonshire Fabrics, Inc., 2 Cir., 1959, 271 F.2d 402. The only point raised by respondent as to whether the petitioners state a claim is that the subject matter of the Oregon suits are not within the contemplation of the arbitration clause. This point is attempted to be supported by two arguments: first, that the subject matter of one of the state court actions has to do with a separate financing agreement and, second, that the other state court action attempts to avoid the "Distributor's Agreement" because of fraud and thus is not the subject of ar-

bitration. The first argument is clearly without merit. It is clear from the complaint in the financing suit that the agreement to finance and the assignment of accounts receivable arose out of the relationship between the parties created by the "Distributor's Agreement". The dispute is, therefore, encompassed within the arbitration clause. The second argument is equally without merit. Not only does the second state court suit clearly state claims arising subsequent to the execution of the contract but also the issue of fraud in the inducement may be made the subject of arbitration and the instant clause is broad enough to indicate that such an issue "comes squarely within the phraseology of this particular agreement." Robert Lawrence Co. v. Devonshire Fabrics Inc., supra, 271 F.2d at page 412.

■ Defenses (2), (3) and (5) are also related and will be considered together. It is clear that under the Federal Arbitration Act, specifically 9 U.S.C. § 4, 1954 Amendment, that a party may, by entering into an arbitration agreement subject himself in advance to the jurisdiction of the court within whose territorial jurisdiction the arbitration proceedings are to be had. Such submission waives any objection to venue. The only question remaining here is whether service of process effected personal jurisdiction over respondent. This question is answered by the case of Farr & Co. v. Cia Intercontinental de Navegacion, 2 Cir., 1957, 243 F.2d 342. In that case service on a nonresident respondent in a proceeding to compel arbitration was upheld when effected by registered mail. Here, service by registered mail under a court order was similarly effected. Respondent argues that service was not in accordance with the order of the court since the process was not received until 2 days after the date provided for in the order. However, the proof of service on file shows that the process was mailed within the time limited by the order. By

* The moving papers omit any proposed defense numbered (4). The movant's num-

bering has been followed in this Opinion.

respondent's own admission, the process was received eleven days prior to the return date. Only five days notice is required by the statute. Under these circumstances, the service is valid.

In view of the fact that respondent's default was knowingly made and that no valid defense to the petition is shown, the motion to open up the default is denied.

It is so ordered.