**FLEXI–VAN LEASING, INC., Plaintiff,**

v.

**GULF FLEET MARINE CORPORATION, Defendant.**

**No. 85 Civ. 6590 (MP).**

United States District Court, S.D. New York.

Oct. 30, 1985.

O'Melveny & Myers, by Andrew J. Frackman, New York City, for plaintiff.

Bowman Conner Touhey & Petrillo, by John Fausti, New York City, for defendant.

## OPINION

MILTON POLLACK, Senior District Judge:

Plaintiff Flexi-Van Leasing Incorporated ("Flexi-Van") filed suit in the Southern District of New York seeking to enforce a written guarantee of payment for maritime containers allegedly executed by defendant Gulf Fleet Marine Corporation ("Gulf Fleet"). Subject-matter jurisdiction is based on diversity of citizenship. Defendant Gulf Fleet was served with process by personal service of the summons and complaint on its authorized agent in New Orleans, Louisiana.

Defendant Gulf Fleet contends that the service of process in New Orleans was invalid and therefore that this Court lacks personal jurisdiction over it.[1] Gulf Fleet moves to dismiss the action. For the reasons detailed below, the motion will be denied.

The guarantee that is the subject of this dispute contains the following provision:

> The undersigned shall submit to the jurisdiction of the courts of the United States of America or of the state of New York or of the courts of any other jurisdiction with respect to lessor's claim under this guarantee and does hereby waive trial by jury and does thereby consent that this guarantee shall be construed according to the laws of the state of New York.

Plaintiff Flexi-Van relies on the language of the guarantee as a consent to the personal jurisdiction of the New York courts if process is validly served outside the state as permitted by the New York Civil Practice Law and Rules ("CPLR"). Defendant Gulf Fleet contends that "[t]he provision in the Guaranty which plaintiff relies upon is inadequate and does not confer personal jurisdiction because it fails to designate an effective method by which defendant was to receive service of process."

Defendant Gulf Fleet's position, however, confuses the distinction between personal jurisdiction and service of process. While service of process is governed by Rule 4, Federal Rules of Civil Procedure, personal jurisdiction is governed instead by "the Supreme Court's interpretations of the Due Process Clause and a network of state and federal statutory provisions." 4 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1064, at 205–06 (1969). Although related, these two concepts are distinct. *See id.* § 1063, at 204 ("Strictly

---

1. In diversity actions, personal jurisdiction is governed by state law. *Insurance Corporation of Ireland, Ltd. v. Compagnie Des Bauxites De Guinnee,* 456 U.S. 694, 711, 102 S.Ct. 2099, 2108, 72 L.Ed.2d 492 (1982) (Powell, J., concurring); *Arrowsmith v. United Press International,* 320 F.2d 219 (2d Cir.1963) (en banc).

**118**

speaking Rule 4 does not deal directly with jurisdiction over the subject matter, jurisdiction over the person, or venue."). The primary function of service of process is "to provide the mechanisms for bringing notice of the commencement of an action to defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over a lawsuit." *Id.* It does not deal, as does personal jurisdiction, with the court's power to summon an individual before it. *Id.* § 1064, at 205.

Since the provision in the guarantee is clearly a consent to personal jurisdiction in New York, this Court's inquiry focuses on whether this consent is valid without a simultaneous designation of a manner of serving process.

█ Under New York law, consent to personal jurisdiction includes consent to any method of service of process that is consistent with due process. *Petrol Shipping Corp. v. Kingdom of Greece*, 360 F.2d 103, 107 (2d Cir.), *cert. denied*, 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966). *See also Hamilton Life Insurance Co. v. Republic National Life Insurance Co.*, 408 F.2d 606, 612–13 (2d Cir.1969); *Lawn v. Franklin*, 328 F.Supp. 791, 794 (S.D.N.Y.1971). Since Flexi-Van served Gulf Fleet's appointed agent in New Orleans by personally delivering a copy of the summons and the complaint, due process is satisfied.

█ Even if it were not the law in New York that consent to personal jurisdiction includes consent to any method of service that is consistent with due process, Flexi-Van has complied here with the requirements for service of process under the New York CPLR.[2]

Although many contractual provisions consenting to personal jurisdiction also specify a method for serving process, it cannot be that a consent to personal jurisdiction is invalid simply for failure to specify a method of serving process. *Cf. Comprehensive Merchandising Catalogs, Inc. v. Madison Sales Corp.*, 521 F.2d 1210, 1212 (7th Cir.1975) (construing New York law) ("It is well-settled that parties to a contract may agree to submit to the jurisdiction of a particular court *and may also agree* as to the manner and method of notice.") (emphasis added). In the absence of contrary agreement by the parties, *see D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185, 92 S.Ct. 775, 782, 31 L.Ed.2d 124 (1972) (quoting *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16, 84 S.Ct. 411, 414–15, 11 L.Ed.2d 354 (1964)), the notice requirement is satisfied by compliance with the statutory requirements for serving process.

Motion denied.

---

**2.** Rule 4(e), Federal Rules of Civil Procedure, authorizes district courts to use the service of process rules of the state in which the district court is located. *See Leasco Data Processing Equipment Corp. v. Maxwell*, 468 F.2d 1326, 1339 n. 8 (2d Cir.1972); 4 C. Wright & A. Miller *Federal Practice and Procedure* § 1113 (1969). Gulf Fleet has consented to personal jurisdiction in New York, satisfying CPLR section 301. Under New York law, a person subject to personal jurisdiction (under CPLR sections 301 or 302) may be served outside the state "in the same manner as service is made within the state ..." N.Y. CPLR § 313 (McKinney 1972). Where a corporation is involved, one manner of service provided for by CPLR section 311(1) within the state is personal delivery to the corporation's agent authorized to receive service; the defendant's agent authorized to receive service in New Orleans was the party actually served.