## WARRANTY UNDERWRITERS INSURANCE COMPANY, Appellant,

v.

## Raymond S. LARA, et al., Appellees.

### No. 13–90–383–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1991.

Rehearing Overruled March 28, 1991.

James L. Cornell, John W. Burchfield, Gilpin, Paxson & Bersch, Houston, for appellant.

John S. Warren, Lelaurin & Adams, P.C., Corpus Christi, for appellees.

Before NYE, C.J., and BENAVIDES and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellees, Raymond S. and Janie R. Lara, sued appellant, Warranty Underwriters Insurance Company, alleging violations of the Texas Insurance Code, the Deceptive Trade Practices–Consumer Protection Act, and breach of the common-law duty of good faith and fair dealing. These claims arose after the Insurance Company allegedly denied coverage to the Laras pursuant to an insurance contract between the parties. The Insurance Company filed a "MOTION TO STAY AND COMPEL ARBITRATION," asserting that disputes under the contract are required to be submitted to arbitration. The trial court entered an order denying the motion. The Insurance Company has attempted to perfect an appeal from this interlocutory order. We dismiss the appeal for want of jurisdiction.

The Laras' suit alleges that on or about September 1, 1984, they purchased an insurance contract from the Insurance Company. The contract provided coverage from September 1, 1984, to September 1, 1994, and insured their residence against any major structural defects. After the contract's effective date, the Laras experienced defects in their residence. They gave notice of these defects to the Insurance Company. Their claim was denied. On May 21, 1990, the Laras filed suit against the Insurance Company, alleging violations of the Texas Insurance Code, the DTPA, and breach of the common-law duty of good faith and fair dealing.

The Insurance Company answered the suit, and on July 16, 1990, filed a "MOTION TO STAY AND COMPEL ARBITRATION." This motion states that paragraph six of the insurance contract requires disputes to be submitted to arbitration. The Insurance Company requested the trial court to stay the cause of action and compel the parties to enter into binding arbitration under the auspices of the "American Arbitration Association, construction Industry Rules." On September 13, 1990, the trial court entered an order denying this motion. This attempted appeal follows.

The Laras have filed a motion to dismiss the appeal. They allege that article 224–1 of the Texas General Arbitration Act (the Act) provides that in order for a contractual agreement to be arbitrable, notice that the agreement is subject to arbitration must be typed in underlined capital letters, or rubber-stamped prominently on the contract's first page. They allege that the arbitration provision contained in the insurance contract does not satisfy the required

notice provision. As such, the policy's arbitration provision is unenforceable, and no statutory authority exists to authorize this appeal.

The Insurance Company's response to the motion to dismiss included Thomas E. Breznik's affidavit. Breznik, the Insurance Company's president, declared that the Laras did not enter into the insurance contract until on or after June 27, 1989. The Insurance Company contends that since article 224-1 was repealed in 1987, article 238-2, § A(1) of the Act supports this appeal.[1] The Laras, in their motion for leave to file a supplemental motion to dismiss, oppose Breznik's affidavit.

The issue of jurisdiction is fundamental. First and foremost is the requirement that an appellate court must determine whether it has jurisdiction to entertain an appeal. *McClennahan v. First Gibraltar Bank,* 791 S.W.2d 607, 608 (Tex.App.—Dallas 1990, no writ); *Marshall v. Brown,* 635 S.W.2d 578, 580 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). If this court has no jurisdiction, the appeal must be dismissed. *Conley v. Pompa,* 627 S.W.2d 512, 513 (Tex.App.—Corpus Christi 1982, no writ); *City of Beaumont v. West,* 484 S.W.2d 789, 791 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

Jurisdiction is vested in cases where a final judgment has been rendered disposing of all issues and parties in the case. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982); *Heck v. Plumb,* 665 S.W.2d 495, 496 (Tex.App.—Fort Worth 1983, no writ). Unless there is a statute specifically authorizing an interlocutory appeal, appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985); *Memorial Medical Center v. Garcia,* 712 S.W.2d 619, 620 (Tex.App.—Corpus Christi 1986, no writ).

Article 224-1 of the Texas Revised Civil Statutes (effective August 27, 1979),[2] *repealed by,* the Act of June 18, 1987, ch. 817, § 1, 1987 Tex.Gen. & Spec.Laws 2828 (effective August 31, 1987),[3] provided, "No agreement described in Article 224 shall be arbitrated unless notice that a contract is subject to arbitration under this Act is typed in underlined capital letters, or is rubber-stamped prominently, on the first page of the contract." Article 224 provides that "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract...."

In the instant case, this court cannot consider Breznik's affidavit in determining whether to exercise jurisdiction. Appellate courts may receive affidavits to determine jurisdictional questions if the facts are not otherwise apparent in the record. *Stewart v. Texco Newspapers, Inc.,* 734 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1987, no writ); Tex.R.App.P. 19(d). Breznik's affidavit, however, concerns the date upon which the parties allegedly entered into the contract. This is something that the trial court should have determined. The transcript does not include Breznik's affidavit; therefore, we cannot determine whether it was before the trial court during the hearing on the "MOTION TO STAY AND COMPEL ARBITRATION." Further, the Insurance Company did not file a motion to supplement the record with the affidavit. The insurance contract, which was before the trial court, shows that it became effective on September 1, 1984. Therefore, the

---

1. Tex.Rev.Civ.Stat.Ann. art. 238-2, § A(1) (Vernon 1973) provides that an appeal may be taken from: "An order denying an application to compel arbitration made under Section A of Article 225."

2. *See* The Act of June 13, 1979, ch. 704, § 2, 1979 Tex.Gen. & Spec.Laws 1708.

3. The Act of June 18, 1987, ch. 817, § 2, 1987 Tex.Gen. & Spec.Laws 2828, states:
   This Act applies only to a contract entered into on or after the effective date of this Act. A contract entered into before the effective date of this Act is governed by the law in effect at the time the contract was entered into and that law is continued in effect for this purpose.

only evidence before the trial court shows that the insurance contract became effective during the duration of article 224–1.

An appellate court has addressed a jurisdictional issue involving an attempted interlocutory appeal under the Act in *NCR v. Mr. Penguin Tuxedo Rental & Sales, Inc.*, 663 S.W.2d 107 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). In *NCR*, Mr. Penguin sued NCR alleging violations of the DTPA and fraud. NCR filed a "Motion for Stay of Action Pending Arbitration and Plea in Abatement." The trial court entered an "Order Overruling Motion to Compel Arbitration," and NCR attempted to perfect an appeal. The appellate court held that since the agreement which purported to require compulsory arbitration was not enforceable under the Act, article 238–2 did not support an interlocutory appeal. The appellate court dismissed the appeal for want of jurisdiction.

In the instant case, this court can exercise its jurisdiction over the Insurance Company's attempted interlocutory appeal only if the arbitration provision is enforceable under the Act. Here, notice that the insurance contract is subject to arbitration is neither rubber-stamped on the first page, nor typed in underlined capital letters as required by article 224–1. We hold that since the arbitration provision is not enforceable, article 238–2, § A(1) does not authorize an interlocutory appeal. *NCR*, 663 S.W.2d at 108; Tex.Rev.Civ.Stat.Ann. art. 238–2 (Vernon 1973).

Appellees' motion to dismiss this appeal is granted. The appeal is DISMISSED FOR WANT OF JURISDICTION.