**CAPITAL INCOME PROPERTIES–
LXXX, et al., Appellants,**

v.

**Robert S. WALDMAN, et al., Appellees.**

**No. 13–92–219–CV.**

Court of Appeals of Texas,
Corpus Christi.

June 18, 1992.

Rehearing Overruled July 30, 1992.

Kent C. Adams, Anita M. Alessandra, Gibson, Dunn & Crutcher, Dallas, and Scott G. Campbell and David Rivera, Kelley, Drye & Warren, New York City, for appellants.

Thomas L. Busby and Kathryn F. Green, Kleberg & Head, Corpus Christi, for appellees.

OPINION

PER CURIAM.

Appellees, Robert S. Waldman, and other investors, sued appellants, Capital Income Properties–LXXX, and other parties (collectively Capital), for fraud, breach of fiduciary duty, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act (the DTPA). After appellees filed suit, Capital filed its "DEFENDANTS' CONSOLIDATED MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABATE THE PRO-

CEEDINGS AND COMPEL ARBITRA-TION OF THIS DISPUTE" (Motion to Compel). The trial court entered an order denying the motion. Capital has attempted to appeal from this interlocutory order. We dismiss for want of jurisdiction.

On February 28, 1991, appellees sued Capital, alleging that in 1985, it offered to sell partnership interests in a real-estate limited partnership (Limited Partnership). Appellees purchased interests in the Limited Partnership and later discovered that Capital had made omissions and misrepresentations in the offering materials. Appellees sued Capital for fraud, breach of fiduciary duty, negligent misrepresentation, and violations of the DTPA. On May 7, 1991, Capital filed its Motion to Compel. In this motion, Capital contended that appellees agreed in advance of this dispute that "[a]ny dispute, controversy or claim arising out of or in connection with or relating to [the partnership] Agreement" would be submitted to arbitration at the request of any party. Capital requested the trial court to dismiss or, alternatively, abate and compel arbitration of the proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (West Supp. 1990), the Texas General Arbitration Act, Tex.Rev.Civ.Stat.Ann. arts. 224—249-43 (Vernon Supp.1991), and the Rules of the American Arbitration Association.

On January 16, 1992, the trial court held a hearing on the Motion to Compel. At the hearing, Capital introduced into evidence copies of the "CAPITAL INCOME PROP-ERTIES–LXXX LIMITED PARTNER-SHIP SUBSCRIPTION AGREEMENT" and the "CAPITAL INCOME PROPER-TIES–LXXX LIMITED PARTNERSHIP AGREEMENT AND FIRST AMENDED CERTIFICATE OF LIMITED PARTNER-SHIP" (Limited Partnership Agreement). Capital's counsel told the trial court that at various times in 1985, appellees purchased interests in the Limited Partnership and that they obtained their interests by executing the Limited Partnership Agreement.

Article 12.01 of the Limited Partnership Agreement stated, in relevant part:

Any dispute, controversy or claim arising out of or in connection with or relating to this Agreement or any breach or alleged breach hereof, excluding any dispute, controversy or claim relating to liabilities or rights under federal or state securities laws, shall, upon the request of any party involved, be submitted to and settled by arbitration....

At the hearing's conclusion, the trial court ruled that the arbitration provision was binding on the parties, but that appellees' claims did not fall within the arbitration provision's scope. The trial court denied Capital's Motion to Compel and signed the Order on January 31, 1992.

On March 23, 1992, Capital filed its "DE-FENDANTS' VERIFIED MOTION FOR DETERMINATION OF DATE OF NO-TICE OF ORDER DENYING DEFEN-DANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABATE THESE PROCEEDINGS AND COMPEL ARBI-TRATION" (Motion for Determination). In this motion, Capital alleged that it had no knowledge of the existence or entry of the signed Order until about March 12, 1992. On April 1, 1992, Capital filed its "CASH BOND" and "NOTICE OF AP-PEAL."

This Court marked the transcript and statement of facts "received" on April 10, 1992. Upon inspection of the transcript, we determined that the trial court's Order did not appear to be appealable. We also determined that even if the Order was appealable, we did not have jurisdiction because the bond appeared to be late. We informed Capital of these defects in a letter dated April 17, 1992. On April 27, 1992, we marked "received" a supplemental transcript which contained the trial court's order granting Capital's Motion for Determination. The trial court had determined that Capital first received actual knowledge of the January 31, 1992 Order on March 12, 1992, and that pursuant to Tex. R.Civ.P. 306a(4) and Tex.R.App.P. 5(b)(4), March 12, 1992, was the effective date of the Order and the date on which the period for perfecting an appeal began. The appealability of the January 31, 1992, Order is still a problem.

Jurisdiction is vested in cases when a final judgment has been rendered disposing of all issues and parties in the case. *Schlipf v. Exxon Corp.* 644 S.W.2d 453, 454 (Tex.1982); *Heck v. Plumb*, 665 S.W.2d 495, 496 (Tex.App.—Fort Worth 1983, no writ). Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *North E. Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966); *Memorial Medical Center v. Garcia*, 712 S.W.2d 619, 620 (Tex.App.—Corpus Christi 1986, no writ).

Article 238–2, § A(1) of the Texas General Arbitration Act (the Act) provides that an appeal may be taken from "An order denying an application to compel arbitration made under Section A of Article 225." [1] Article 224–1 of the Act (effective August 27, 1979),[2] *repealed by,* the Act of June 18, 1987, ch. 817, § 1, 1987 Tex.Gen. & Spec. Laws 2828 (effective August 31, 1987),[3] provided, "No agreement described in Article 224 shall be arbitrated unless notice that a contract is subject to arbitration under this Act is typed in underlined capital letters, or is rubber-stamped prominently, on the first page of the contract." Article 224 provides that "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract...."

This Court has addressed a jurisdictional issue involving an attempted interlocutory appeal under the Act in *Warranty Underwriters Ins. Co. v. Lara,* 805 S.W.2d 894 (Tex.App.—Corpus Christi 1991, no writ). In *Lara,* the Laras sued Warranty Underwriters Insurance Company after it allegedly denied coverage to them pursuant to an insurance contract between the parties. The Insurance Company filed a "MOTION TO STAY AND COMPEL ARBITRATION," asserting that disputes under the contract were required to be submitted to arbitration. The trial court denied the motion, and the Insurance Company attempted to perfect an appeal from that interlocutory order. We found that the insurance contract became effective during the duration of art. 224–1 and that notice that the insurance contract was subject to arbitration was neither rubber-stamped on the first page, nor typed in underlined capital letters as art. 224–1 required. We held that since the arbitration provision was not enforceable, art. 238–2, § A(1) did not authorize an interlocutory appeal. We dismissed the appeal for want of jurisdiction.

Another appellate court addressed the same issue in *NCR Corp. v. Mr. Penguin Tuxedo Rental & Sales, Inc.,* 663 S.W.2d 107 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). In *NCR,* Mr. Penguin sued NCR alleging violations of the DTPA and fraud. NCR filed a "Motion for Stay of Action Pending Arbitration and Plea in Abatement." The trial court entered an "Order Overruling Motion to Compel Arbitration," and NCR attempted to perfect an appeal. The appellate court held that since the agreement which purported to require compulsory arbitration was not enforceable under the Act, art. 238–2 did not support an interlocutory appeal. The appellate court

---

**1.** Article 225, § A, provides:

On application of a party showing an agreement described in Article 224 of this Act, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration; but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party; otherwise, the application shall be denied.

**2.** *See* The Act of June 13, 1979, ch. 704, § 2, 1979 Tex.Gen. & Spec.Laws 1708.

**3.** The Act of June 18, 1987, ch. 817, § 2, 1987 Tex.Gen. & Spec.Laws 2828, states:

This Act applies only to a contract entered into on or after the effective date of this Act. A contract entered into before the effective date of this Act is governed by the law in effect at the time the contract was entered into and that law is continued in effect for this purpose.

dismissed the appeal for want of jurisdiction.

■ In the instant case, the Limited Partnership Agreement (which is before this Court) included twenty-eight signature pages. Each signature page was signed by an investor and executed in 1985. Therefore, the Limited Partnership Agreement became effective during the duration of art. 224–1. This Court can exercise its jurisdiction over Capital's attempted interlocutory appeal only if the arbitration provision is enforceable under the Act. Here, notice that the Limited Partnership Agreement was subject to arbitration was neither rubber-stamped on the first page, nor typed in underlined capital letters as art. 224–1 required. We hold that since the arbitration provision was not enforceable, art. 238–2, § A(1) did not authorize an interlocutory appeal. *See Lara,* 805 S.W.2d at 897; *NCR Corp.,* 663 S.W.2d at 108; Tex.Rev.Civ.Stat.Ann. art. 238–2 (Vernon 1973). The Federal Arbitration Statutes, 9 U.S.C. §§ 1–14 do not provide for interlocutory appeals of proceedings pending in state courts. *NCR Corp.,* 663 S.W.2d at 108.

The appeal is DISMISSED FOR WANT OF JURISDICTION.