AMERICAN PHYSICIANS SERVICE GROUP, INC., aka APS Group, Inc., APS Financial Corporation, and Nicholas P. Zackoff, Appellants,

v.

PORT LAVACA CLINIC ASSOCIATES, Kirby Smith, L.V. Pentecost, and John W. Griffin, Appellees.

No. 13–92–420–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 25, 1992.

Rehearing Overruled Dec. 31, 1992.

Patrick Lanier, Austin, for appellants.

John Griffin, Jr., Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, Steven M. Bowers, Austin, for appellees.

## OPINION

SEERDEN, Justice.

Originally, a panel consisting of Justices Robert J. Seerden, J. Bonner Dorsey, and Federico G. Hinojosa, Jr. heard this case. However, because of jurisdictional matters decided herein, we have elected to hand down this opinion en banc. Tex.R.App.P. 79(e).

Appellants, American Physicians Service Group, et al., bring an interlocutory appeal from the trial court's denial of appellants' motion to compel arbitration and stay litigation. By a single point of error, appellants complain that the trial court erred by denying their motion because no evidence supports such order. We affirm.

In January 1985, Port Lavaca Clinic Associates and other parties (collectively Port Lavaca Clinic) opened investment accounts with APS Financial Corporation (APS), a registered broker/dealer. When opening the accounts each investor signed a "Customer Options Agreement" with Weber, Hall, Sale & Associates, Inc., a clearing broker used by APS. Each agreement contained a provision that arbitration be held "pursuant to the arbitration laws of the

State of Texas." [1] Port Lavaca Clinic sued American Physicians Service Group Inc., Nicholas P. Zackoff, a registered securities representative with APS, and APS's parent corporation, alleging violations of the Deceptive Trade Practices Act, negligence and gross negligence. The trial court denied appellants' motion to compel arbitration and to stay the underlying litigation. Appellants challenged this interlocutory order on appeal. This court denied Port Lavaca's subsequently filed motion to dismiss the appeal for want of jurisdiction.

■ Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985). Appellants contend that the Texas General Arbitration Act (the Texas Act), Tex.Rev.Civ.Stat.Ann. art. 238–2 (Vernon 1973), authorizes this appeal from the trial court's interlocutory order. Article 238–2, § A(1) provides that an appeal may be taken from "an order denying an application to compel arbitration made under Section A of Article 225." Article 225, § A, provides:

On application of a party showing an agreement described in Article 224 of this Act, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration; but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party; otherwise, the application shall be denied.

Tex.Rev.Civ.Stat.Ann. art. 225, § A (Vernon 1973). Finally, with certain exceptions:

---

1. The agreement's arbitration provision provided:

    I agree, and by carrying an account for me you agree, that all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof shall be determined, to the extent consistent with federal and state law, by arbitration, to be held in the City of Dallas, Texas, pursuant to the arbitration laws of the

State of Texas, before the American Arbitration Association and in accordance with its rules then obtaining, or before the New York Stock Exchange, Inc. or arbitration facility provided by any other exchange or The National Association of Securities Dealers, Inc. and in accordance with its rules then obtaining.... The award of the arbitrators, or of the majority of them, shall be final, and judgement upon the award rendered may be entered in any court, state or federal, having jurisdiction.

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Tex.Rev.Civ.Stat.Ann. art. 224 (Vernon 1973).

Port Lavaca Clinic re-urges that this appeal is not authorized by the Texas Act because the arbitration clause does not comply with art. 224–1 of the Act of June 13, 1979 (effective August 26, 1979), 66th Leg., ch. 704, § 2, 1979 Tex.Gen. & Spec. Laws 1708, *repealed by* Act of June 18, 1987 (effective August 31, 1987), 70th Leg, ch. 817, § 1, 1987 Tex.Gen. & Spec.Laws 2828.[2] Art. 224–1 provided, "No agreement described in Article 224 shall be arbitrated unless notice that a contract is subject to arbitration under this Act is typed in underlined capital letters, or is rubber-stamped prominently, on the first page of the contract."

In *Capital Income Properties–LXXX v. Waldman,* 835 S.W.2d 152 (Tex.App.—Corpus Christi 1992, writ requested) and *Warranty Underwriters Co. v. Lara,* 805 S.W.2d 894 (Tex.App.—Corpus Christi 1991, no writ), this court held when the Texas Arbitration Act is relied on to compel arbitration, and it does not apply because the contractual paragraph concerning arbitration is not highlighted as required by statute, this court lacks jurisdiction to hear the interlocutory appeal. In *Waldman* and *Lara,* we reasoned:

1. The appeal from an order denying arbitration is an interlocutory appeal as the underlying case on the merits remains below;

2. Appellate courts have jurisdiction only over final judgments unless a statute specifically authorizes an interlocutory appeal;

3. The statute authorizing the interlocutory appeal is the Texas Arbitration Act;

4. The Texas Arbitration Act is implicated only when the provisions of the act are met, one of which is the agreement to arbitrate must be highlighted in bold print or stamped on the contract; and,

5. When the contract does not comply with the requirements of the act, the act is not implicated and an interlocutory appeal is not allowed.

Upon further consideration, we disagree with the logic of *Waldman* and *Lara.* In accordance with the Texas Act, we conclude that this court has jurisdiction to entertain an interlocutory appeal to consider the applicability of the statute. Tex. Rev.Civ.Stat.Ann. art. 238–2, § A(1) (Vernon 1973). The language stating otherwise in our prior opinions is hereby expressly overruled.

■ Additionally, appellants claim the right to arbitrate under the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.* (1989). Appellants argue that an arbitration clause under the FAA is a federal right which cannot be frustrated or burdened by a technical provision in the Texas Act. They contend that a state statute governing arbitration such as the provision repealed in art. 224–1 cannot prevail over the FAA. Appellants urge that this technical "door closing" provision of the Texas Act is clearly inconsistent and in conflict with the FAA. We disagree with these contentions.

Appellants rely on *Threlkeld & Co., Inc. v. Metallgesellschaft Ltd.,* 923 F.2d 245 (2nd Cir.1991), *cert. dism'd,* —— U.S. ——, 112 S.Ct. 17, 115 L.Ed.2d 1094 (1991) and *Lawn v. Franklin,* 328 F.Supp. 791 (D.C.N.Y.1971). Both cases are distinguishable from the present case. *Threlkeld* involved international business transactions which are governed by federal arbitration law. *Threlkeld,* 923 F.2d at 249 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)). In *Lawn,* the arbitration clause of the contract in question specified that the issues were to

**2.** The Act repealing art. 224–1 provides that "[a] contract entered into before the effective date of this Act is governed by the law in effect at the time the contract was entered into and that law is continued in effect for this purpose."

be settled by arbitration in New York City pursuant to the American Arbitration Association's procedures.[3] *Lawn,* 328 F.Supp. at 793. The contract did not state whether state or federal arbitration laws applied. Lawn removed the case from state to federal court on the basis of diversity. In the present case, the parties were in state court. Further, the contract specifically stated that disputes under the contract were to be arbitrated "pursuant to the laws of the State of Texas."

In *Volt Information Sciences, Inc. v. Board of Trustees,* 489 U.S. 468, 479, 109 S.Ct. 1248, 479, 103 L.Ed.2d 488 (1989), the United States Supreme Court held:

> Where ... the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA, even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward. By permitting the courts to "rigorously enforce" such agreements according to their terms (cite omitted) we give effect to the contractual rights and expectations of the parties, without doing violence to the policies behind by [sic] the FAA.

Under the facts of this case, the Texas Act prevails over the FAA and the arbitration agreement is unenforceable because it does not conform to the Texas Act.

The judgment of the trial court is affirmed.

---

**3.** The *Lawn* arbitration clause provided:

In the event of any dispute or controversy hereunder the issues involved shall be settled by arbitration by one arbitrator in the City of New York, N.Y. in accordance with the rules and regulations of the American Arbitration Association and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. *Lawn,* 328 F.Supp. at 793.