**AL'S FORMAL WEAR OF HOUSTON, INC., Appellant/Appellee,**

v.

**David SUN, Appellee/Appellant.**

No. 01–92–01164–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1993.

Rehearing Denied Jan. 13, 1994.

Vinson & Elkins L.L.P., J. Clark Martin, Patricia F. Stanford, Houston, for appellant.

David W. Pace, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN and MIRABAL, JJ.

## OPINION ON MOTION FOR REHEARING

MIRABAL, District Judge.

We withdraw our earlier opinion, we substitute the following opinion in its stead, and we overrule appellant's motion for rehearing.

This is a summary judgment appeal involving the Texas General Arbitration Act. We reverse and render in part, and reverse and remand in part.

The following facts are uncontroverted: In October 1986, David Sun agreed to produce photographs for use in Al's Formal Wear of

Houston, Inc. (Al's) spring catalog. Al's signed a written confirmation that indicated Al's would pay Sun $5,500 for his services. On the back of the confirmation, *in lowercase letters,* the following paragraph appeared:

> Any dispute regarding this Agreement, including its validity, interpretation, performance or breach, shall be arbitrated in (Photographer's City and State) under rules of the American Arbitration Association and the laws of the (State of Arbitration). Judgment on the Arbitration award may be entered in the highest Federal or State Court having jurisdiction. Any dispute involving $1500 or less may be submitted, without arbitration, to any Court having jurisdiction thereof. Client shall pay all arbitration and court costs, reasonable Attorneys' fees plus legal interest on any award or judgement.

David Sun produced the photographs for the catalog, and Al's paid Sun $5,500. In 1987, Al's used one of the photographs taken for the catalog and published it in several issues of *Modern Bride* magazine. Sun demanded additional compensation because the photograph was used in a publication other than the catalog, and he did not receive adjacent photo credit. Additionally, Sun demanded attorney's fees. Al's refused to pay, and Sun filed a demand for arbitration with the American Arbitration Association. Al's filed a written objection to the arbitration. Subject to its objection, Al's participated in the arbitration hearing and, on November 21, 1991, the arbitrator awarded Sun $11,000 in damages, plus interest, and $5,000 in attorney's fees. Again, Al's refused to pay Sun.

On November 27, 1991, David Sun filed suit against Al's, seeking enforcement of the arbitration award as a final judgment of the trial court. Additionally, Sun sought attorney's fees.

On December 27, 1991, Al's filed its original answer and counterclaims. Al's generally and specifically denied Sun's allegations. Additionally, Al's counterclaimed to vacate the arbitration award, alleged that Sun violated the Texas Deceptive Trade Practices Act (DTPA), and sought to recover attorney's fees.

Al's moved for partial summary judgment, and Sun filed his own motion for summary judgment. On January 29, 1992, the trial court denied both parties' motions for summary judgment.

On April 6, 1992, Sun filed his first amended original petition, which was Sun's live petition when the trial court granted summary judgment. Sun's amended petition added a breach of contract claim.

On June 18, 1992, Sun filed his second motion for summary judgment, arguing that no issue of material fact existed, and therefore, the court should enforce the arbitration award. Sun argued that the arbitrator's award is enforceable under the common law of Texas, even if it did not conform to the requirements of the Texas General Arbitration Act.[1] Further, Sun asserted as grounds for summary judgment that enforcement of the arbitration award is required because Al's waived any right to object to enforceability of the arbitration clause by proceeding with arbitration and not withdrawing from arbitration prior to rendition of an award by the arbitrator. Sun's summary judgment evidence consisted of an affidavit by David Pace, who was Sun's attorney, a copy of the arbitration award, an affidavit by David Sit,[2] and a copy of the confirmation agreement.

On July 14, 1992, Al's filed its second motion for summary judgment. Al's asserted that because the parties agreed that the laws of Texas would apply, the Federal Arbitration Act does not preempt Texas law, and the Texas General Arbitration Act governs the parties' agreement.[3] Al's argued that

---

**1.** The Texas General Arbitration Act is contained at TEX.REV.CIV.STAT.ANN. art. 224. The version of articles 224 and 224–1 which govern this dispute at the time was Act of June 13, 1979, 66th Leg., R.S., ch. 704, § 2, 1979 Tex.Gen.Laws 1708, *repealed by* Act of June 18, 1987, 70th Leg., R.S., ch. 817, § 1, 1987 Tex.Gen.Laws 2828 (hereinaf-

ter referred to as articles 224 and 224–1 of the Texas Arbitration Act).

**2.** David Sit did business as David Sun. We will refer to Sit as Sun for clarity.

**3.** According to the applicable law at the time, because the confirmation agreement contained a

the arbitration clause was in direct violation of article 224–1 of the Texas General Arbitration Act, which was in effect at the time of the 1986 agreement, and therefore, the clause is unenforceable under the Texas General Arbitration Act and Texas common law. Al's summary judgment evidence consisted of the affidavits of Hope Taylor, Dianne Stachmus, who was Al's custodian of records, a copy of the confirmation agreement, the affidavit of Gary S. Lewis, who was Al's attorney, and a copy of the arbitration award.

On August 5, 1992, the trial court signed its final summary judgment in favor of Sun. The judgment did not specify the ground upon which the trial court granted the motion. The trial court ordered that Sun recover from Al's $11,000 in damages, plus interest, $594 in arbitration fees, and court costs incurred in this action. The court declined to award Sun any amount for attorney's fees incurred either in the trial court or in the arbitration proceeding.

Both parties appealed the summary judgment. In its sole point of error, Al's asserts that the trial court erred in granting Sun's second motion for summary judgment and in denying Al's second motion for summary judgment. In Sun's sole point of error, he asserts that the trial court erred in denying his request for reasonable attorney's fees.

■ When both parties move for summary judgment and one motion is granted, but the other denied, the appellate court should determine *all questions presented, including the propriety of the order overruling the losing party's motion. Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Teledyne Isotopes, Inc. v. Bravenec,* 640 S.W.2d 387, 389 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). In such a case, this Court has authority to affirm the judgment, or reverse the judgment and render the judgment that the trial court should have rendered, or reverse and remand. *Members Mut. Ins. Co. v. Hermann Hosp.,* 664 S.W.2d 325, 328 (Tex. 1984).

■ When a plaintiff moves for summary judgment, the plaintiff must show entitlement to prevail on each element of the cause of action. The plaintiff must produce evidence sufficient to support an instructed verdict at trial. *Gulf, Colorado & Santa Fe Ry. v. McBride,* 159 Tex. 442, 322 S.W.2d 492, 500 (1958); *Braden v. New Ulm State Bank,* 618 S.W.2d 780, 782 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

Al's point of error, that the trial court erred in granting Sun's second motion for summary judgment and in denying Al's second motion for summary judgment, contains the following four subparts:

1. No material fact dispute exists with regard to the undisputed fact that the arbitration provision in the confirmation agreement is in direct violation of Article 224–1 of the Texas General Arbitration Act and will not sustain the trial court's granting of Sun's second motion as a matter of law;

2. Basic principles of statutory construction mandate that the express terms of article 224–1 must be complied with in order to enforce arbitration or an arbitration award; the Texas common law provides no independent basis for validating the award;

3. The trial court erred in not vacating the arbitration award pursuant to the plain statutory language of Texas General Arbitration Act article 237; and

4. Al's did not waive its ability to object to the arbitration proceeding or to the enforceability of the arbitration award.

The contract in this case comes within the scope of the Texas General Arbitration Act, as defined in article 224. The arbitration agreement did not satisfy the statutory requirements of the Texas General Arbitration Act because it did not comply with the conspicuous notice provision of article 224–1, which was in effect when the agreement was signed.[4] However, Sun argues that even

provision designating that Texas law shall apply to any dispute, Texas law was not preempted by the Federal Arbitration Act. *Volt Info. Sciences, Inc. v. Board of Trustees,* 489 U.S. 468, 477–79,

109 S.Ct. 1248, 1255–56, 103 L.Ed.2d 488 (1989). Sun does not dispute this.

4. At the time the contract was signed, article 224–1 read as follows: "No agreement described

though the arbitration clause is unenforceable under the Texas General Arbitration Act, it may still be enforced under Texas common law. We disagree with Sun.

Article 238–20, § 4(a) of the Texas General Arbitration Act provides:

Sec. 4(a) This Act is cumulative of and supplemental to any other laws and parts of law relating to common law arbitration and, *except as specifically provided,* does not abrogate or repeal those other laws or parts of law.

TEX.REV.CIV.STAT.ANN. art. 238–20, § 4(a) (Vernon Supp.1993) (emphasis added).

■ *Under the common law,* an arbitration agreement need not be in any particular form in order to be enforceable. *Wetzel v. Sullivan, King & Sabom, P.C.,* 745 S.W.2d 78, 81 (Tex.App.—Houston [1st Dist.] 1988, no writ). However, the Texas General Arbitration Act *specifically provides* that an agreement covered by the Act shall *not* be arbitrated *"unless notice that a contract is subject to arbitration under this Act is typed in underlined capital letters,* or is *rubber stamped prominently,* on the first page of the contract." Article 224–1, Texas General Arbitration Act (emphasis added). Therefore, because the Texas General Arbitration Act *specifically provides* the necessary form an arbitration clause must take in order to be enforceable, the common law has been supplanted in this regard. *See Roman Forest Consol. Mun. Util. Dist. v. East Montgomery County Mun. Util. Dist.,* 619 S.W.2d 1, 2 (Tex.Civ.App.—Beaumont), *rev'd on other grounds,* 620 S.W.2d 110 (Tex.1981) (statutory arbitration was not available for two contracts whose arbitration provisions did not conform to the Texas Arbitration Act); *Withers–Busby Group v. Surety Indus., Inc.,* 538 S.W.2d 198, 199 (Tex.Civ.App.—Dallas 1976, no writ) (arbitration of a joint venture agreement prohibited because arbitration provision was invalid under the Texas Arbitration

Act); *Capital Income Properties–LXXX v. Waldman,* 835 S.W.2d 152, 154–55 (Tex. App.—Corpus Christi 1992, writ denied) (arbitration provision in a limited partnership agreement was unenforceable because it did not conform to the notice requirements of the Texas Arbitration Act); *Warranty Underwriters Ins. Co. v. Lara,* 805 S.W.2d 894, 897 (Tex.App.—Corpus Christi 1991, no writ) (arbitration provision agreement was unenforceable because it did not conform to the notice requirements of the Texas Arbitration Act); *American Physicians Serv. Group, Inc. v. Port Lavaca Clinic Assoc.,* 843 S.W.2d 675, 678 (Tex.App.—Corpus Christi 1992, writ denied) (arbitration agreement was unenforceable because it did not conform to the notice requirements of the Texas Arbitration Act); *NCR Corp. v. Mr. Penguin Tuxedo Rental & Sales, Inc.,* 663 S.W.2d 107, 108 (Tex.App.—Eastland 1983, writ ref'd n.r.e.) (arbitration agreement was unenforceable because it did not conform to the notice requirements of the Texas Arbitration Act).

■ Similarly, under Texas common law, if a party participates in an arbitration, and fails to withdraw before the arbitration panel makes an award, the party is bound by the award even though the party may have objected to the proceeding. *L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 352 (Tex. 1977). However, the Texas General Arbitration Act *specifically provides* otherwise, and therefore supplants common law in that regard.[5] Before the arbitration commenced, Al's formally objected to the arbitration on the grounds that the arbitration clause was unenforceable under the Texas General Arbitration Act, and therefore there was no valid arbitration agreement. Accordingly, Al's did not waive its right to have the trial court vacate the award even though Al's participated in the arbitration proceeding subject to its objection.

in article 224 shall be arbitrated unless notice that a contract is subject to arbitration under this Act is typed in underlined capital letters, or is rubber stamped prominently, on the first page of the contract."

**5.** Art. 237, § A(5) of the Texas General Arbitration Act reads in relevant part:

Section A. Upon application of a party, the court shall vacate an award where:

. . . .

(5) There was no arbitration agreement . . . and the party did not participate in the arbitration hearing without raising the objection. . . . TEX.REV.CIV.STAT.ANN. art. 237, § A(5) (Vernon 1973).

Al's summary judgment evidence established, as a matter of law, that it was entitled to have the arbitration award vacated. Therefore, the trial court erred in granting Sun's motion for summary judgment, and in denying Al's motion for summary judgment on Sun's cause of action based on the arbitration award. Accordingly, we sustain Al's sole point of error, and we overrule Sun's sole point of error, which complained the trial court erred in not awarding Sun's attorney's fees.

We reverse the summary judgment in favor of Sun, and we render a take-nothing summary judgment in favor of Al's on Sun's cause of action that seeks to enforce the arbitration award. We remand to the trial court Sun's breach of contract cause of action and Al's DTPA counterclaim.