NUMBER 13-02-288-CV




COURT OF APPEALS




THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI - EDINBURG 


 



EMPIRE INDEMNITY

INSURANCE COMPANY, Appellant,



v.




ROLAND DOMDOM, Appellee.

 

On appeal from the County Court at Law No. 2 


of Nueces County, Texas.


 



MEMORANDUM OPINION


 

Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Yañez

 



 Appellant, Empire Indemnity Insurance Company (Empire), challenges the trial court's order granting summary judgment
to appellee, Roland Domdom. We reverse and remand.

Background

 On March 13, 2001, Domdom submitted a property damage claim to Empire. The claim was paid on May 16, 2001, in the
amount of $11,512.53. On November 2, 2001, Domdom filed suit against Empire seeking an additional, or remaining,
amount. He alleged that Empire insured his home, that the residence sustained an accidental discharge of water within its
plumbing system, and that such loss was a covered incident under Empire's insurance policy. Domdom sought damages in
the amount of $4,281.36, attorney's fees, pre-judgment interest and post-judgment interest. On November 26, Domdom
amended his petition to include a claim for violations of the Texas Insurance Code. On January 9, 2002, Domdom filed a
motion for summary judgment on the breach of contract claim. Empire timely responded. The trial court granted the
motion for summary judgment on February 7, 2002. It is from this judgment that Empire appeals.

Standard of Review

 When considering a traditional summary judgment proceeding, (1) our standard of review on appeal is to determine whether
the successful movant at the trial level (Domdom) established that there is no genuine issue of material fact and that
judgment should be granted as a matter of law. See M.D. Anderson v. Willrich Hosp. & Tumor Inst., 28 S.W.3d 22, 23
(Tex. 2000); Am. Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). In resolving whether or not appellee
has carried this burden, all evidence favorable to the non-movant (Empire) must be taken as true and all reasonable
inferences, including any doubts, must be resolved in its favor. See Willrich, 28 S.W.3d at 23-24.

 Furthermore, when the movant is the plaintiff, as it is here, it must prove it is entitled to judgment as a matter of law on
each element of its cause of action. MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). To accomplish this, the plaintiff
must produce evidence sufficient to support an instructed verdict at trial. Al's Formal Wear of Houston, Inc. v. Sun, 869
S.W.2d 442, 444 (Tex. App.-Houston [1st Dist.] 1993, writ denied).

Applicable Law

 When a claim is based on breach of contract, there must be some showing: of the existence of a contract between the
parties; that duties were created by the contract; that a breach of the duties occurred; and that the party sustained damages. 
Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co., 3 S.W.3d 112, 127 (Tex. App.-Corpus Christi 1999, pet. denied)
(citing TCI Cablevision of Tex., Inc. v. S. Tex. Cable Television, Inc., 791 S.W.2d 269, 271 (Tex. App.-Corpus Christi
1990, writ denied)).

Analysis

 By its first point of error, Empire contends the trial court erred in granting summary judgment because there is insufficient
evidence to support Domdom's breach of contract claim. We agree.

 The only evidence presented with the appellee's motion for summary judgment were affidavits from a contractor and
appellee's trial counsel. The contractor's affidavit was submitted in order to show the reasonableness of the amount of
damages sought by appellee. Trial counsel's affidavit was submitted in order to show a reasonable amount of attorney's
fees sought by appellee.

 Neither of these affidavits, nor the live pleading establishes the essential elements of a breach of contract claim: the
existence of a contract; duties created by the contract; a breach of those duties; and sustained damages. See Cheyenne
Petroleum Co., 3 S.W.3d at 127. As a result, appellee did not prove each element of his claim, see Jones, 710 S.W.2d at
60, by producing sufficient evidence. See Sun, 869 S.W.2d at 444. Thus, Domdom did not establish that there is no
genuine issue of material fact and that judgment should be granted as a matter of law. See Willrich, 28 S.W.3d at 23. 
Empire's first point of error is sustained.

 By its second point of error, Empire contends the trial court erred in granting summary judgment because a fact question
existed precluding the entry of judgment as a matter of law. However, the disposition of the first point renders discussion
of this point moot.

 By its third point of error, Empire contends the court erred in awarding attorney's fees because there is insufficient
evidence to support such an award, as there is no evidence of a breach of contract. We agree. A party is only entitled to
statutory attorney fees if he succeeds on his breach of contract claim. Mendleski v. Silvertooth, 798 S.W.2d 30, 32 (Tex.
App-Corpus Christi 1990, no writ); see Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997). Thus, appellee is
not entitled to attorney fees because, as discussed earlier, he is not entitled to summary judgment on his breach of contract
claim. Empire's third point of error is sustained.

 Having sustained Empire's first and third points, the trial court's judgment is REVERSED and the case is REMANDED for
further proceedings consistent with this opinion.



 

 LINDA REYNA YAÑEZ

 Justice









Opinion delivered and filed this the

21st day of August, 2003.

1. Tex. R. Civ. P. 166a(c).