**JOS. L. MUSCARELLE, INC. and National Surety Company, Appellants,**

v.

**AMERICAN TIMBER & TRADING COMPANY, INC., Appellee.**

No. 25240.

United States Court of Appeals Fifth Circuit.

Nov. 25, 1968.

Henry L. Newell, Balboa, Canal Zone, Peter Goetz, Gerard Fitzpatrick, Goetz & Fitzpatrick, New York City, for defendants-appellants.

Roy Phillipps, Balboa, Canal Zone, Walter Carroll, Jr., New Orleans, La., Jerome S. Bischoff, David P. Templeton, Dusenbery, Martin, Beatty, Bischoff & Templeton, Portland, Or., for appellee.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

COLEMAN, Circuit Judge:

The narrow question here presented is: Was the United States District Court for the Canal Zone in error when, *pending arbitration*, it refused to grant a stay in a Miller Act suit? We are of the opinion that it was not, and affirm.

The American Timber and Trading Company, Inc., was an Oregon corporation. Joseph L. Muscarelle, Inc., was a Delaware corporation, with its principal

place of business in New Jersey. In 1965 American Timber and Trading Company entered into a contract with Muscarelle to sell and deliver certain materials in the Canal Zone for use by Muscarelle in the construction of housing units at several United States military reservations. National Surety Company was the surety on the Miller Act bond, posted by Muscarelle pursuant to 40 U.S.C. § 270a.

Thereafter, the United States and American Timber and Trading instituted suit under the Miller Act in the District Court of the Canal Zone to recover the balance owed by Muscarelle on the contract. Defendants moved a stay of the proceedings *pending arbitration,* relying on a clause in the contract which provided:

> "Any controversy or claim arising out of or relating to this purchase order or the breach thereof, provisions for the determination of which is not made elsewhere, shall be settled by arbitration in the State of New Jersey, in accordance with the rules then obtaining of the American Arbitration Association".

The Court denied the stay on the ground that an agreement to submit a controversy to arbitration cannot be specifically enforced in the Canal Zone, Title 4, § 4795(3) Canal Zone Code.[1]

Muscarelle appealed the denial to this Court. On motion of American Timber and Trading, we dismissed the appeal as not taken from a final, appealable order. Later, rehearing was granted.

■ At the outset, we hold that the order denying the stay was appealable. The complaint was for goods sold and delivered; recovery was demanded in the amount of $42,495.31, with interest and costs; and no issue of equitable relief was alleged.

The Supreme Court in Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79

L.Ed. 583 (1934), held that a denial of a stay pending arbitration is to be deemed a denial of an injunction and is thus an appealable interlocutory order. In ETS–Hokin & Galvan, Inc. v. United States for Use and Benefit of Albert S. Pratt, Inc., 350 F.2d 871 (1965), the Ninth Circuit held specifically that a federal district court order denying a stay of proceedings under the Miller Act is appealable. [If the suit involves a "not insubstantial" request for equitable as well as legal relief, the rule is to the contrary, Chapman v. Spartan Undies, Inc., 4 Cir., 401 F.2d 626].

The statutes provide that this Court shall have jurisdiction of appeals from the United States District Court for the Canal Zone as to interlocutory orders "granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court", 28 U.S.C.A. § 1292(a)(1); 28 U.S.C.A. Chap. 3, § 41. Therefore, this Court has jurisdiction of the appeal and the motion to dismiss is denied.

Since the granting of a stay pending arbitration is, as above indicated, the equivalent of an injunction, the District Judge was then confronted with the provisions of Title 5, § 322(b)(3) Canal Zone Code prohibiting the granting of an injunction to prevent the breach of a contract, the performance of which would not be specifically enforced. Title 4, § 4795(3) of the Canal Zone Code, supra, expressly prohibited specific enforcement of agreements to arbitrate. Thus, if Canal Zone law controls the District Judge was clearly right in denying the stay.

Appellants strongly urge that the United States Arbitration Act is controlling and confidently rely upon 9 U.S.C., § 3, as follows:

> "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to ar-

1. "The following obligation cannot be specifically enforced: (3) an agreement to submit a controversy to arbitration".

bitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration".

Moreover, the Arbitration Act, provides that "a contract evidencing a transaction involving commerce" to settle a controversy arising thereunder by arbitration "shall be valid, irrevocable, and enforceable, 9 U.S.C.A. § 2.

The difficulty is that we are of the opinion that the Arbitration Act does not apply in the Canal Zone. By an Act approved June 19, 1934, Public Law 431, 73rd Congress, 48 Stat. 1122, Congress established a Code of laws for the Canal Zone. The Act specifically provided that the Code "shall, for all purposes, establish conclusively, and be deemed to embrace, all the permanent laws relating to or applying in the Canal Zone in force on the date of enactment of this Act, except such general laws of the United States as relate to or apply in the canal Zone". The Act further provided that the Code should not be published in the statutes at large.

In 1962, Public Law 87–845, Congress again revised and codified the general and permanent laws relating to and in force in the Canal Zone, 76 Stat. 1106.

The Arbitration Act does not provide that it shall apply in the Canal Zone. Yet, other Acts of Congress, such as the Fair Labor Standards Act, the Act of August 24, 1912, 37 Stat. 569, relating to extradition and rendition of fugitives from justice, expressly state that they apply to the Canal Zone. For further example, the Federal Rules of Civil Procedure adopted for the courts of the United States do not apply in the Canal Zone by their own force; but they do apply because the Canal Zone Code, which is an enactment of Congress, expressly makes said rules applicable. § 1 Tit. 5 and § 3501 Tit. 6 Canal Zone Code. See also Luckenbach Steamship Co. v. United States, 280 U.S. 173, 50 S.Ct. 148, 74 L. Ed. 356 (1930).

It is to be noted that Section 3 of the Arbitration Act uses the language "if any suit or proceeding be brought in any of the courts of the United States * * *". The court from which this appeal is taken is designated as "United States District Court for the District of the Canal Zone", Title 3, Subchapter 1, § 1, Canal Zone Code, Volume 1, Page 176. Even so, this is a provision of the Canal Zone Code and the United States Code contains no mention of the district court for the Canal Zone. This court has held that the district court for the Canal Zone is not a constitutional court established by Chapter 5 of Title 28, U.S.C., Wells v. United States, 5 Cir., 1954, 214 F.2d 380, cert. denied, 348 U.S. 855, 75 S.Ct. 80, 99 L.Ed. 674. Thus, we are unable to hold that when Congress in the Arbitration Act alluded to the courts of the United States it included the district court of the Canal Zone.

Affirmed.