**KANAZAWA LTD., a corporation,
Appellee,**

v.

**SOUND, UNLIMITED, a corporation,
Appellant.**

**No. 25446.**

United States Court of Appeals,
Ninth Circuit.

March 29, 1971.

**1240**

David Madis (argued), of Trapp & Gayle, Agana, Guam, for appellant.

J. C. Arriola, of Arriola, Bohn & Dierking, Agana, Guam, John J. Carniato, of Bohn & Carniato, Walnut Creek, Cal., for appellee.

Before HAMLEY, DUNIWAY and ELY, Circuit Judges.

PER CURIAM:

In 1968, Sound, Unlimited and Kanazawa Ltd. entered into a joint corporate venture involving commerce in Guam. Kanazawa brought an action in the District Court of Guam seeking an accounting and judgment for monies due under the agreement. The written contract contains an agreement to arbitrate controversies and claims arising out of the venture. Sound, Unlimited moved for a stay pending arbitration and for an order compelling Kanazawa to arbitrate. The motions were denied upon the ground that there is no statute, applicable in Guam, providing for enforcement of agreements to arbitrate. Sound, Unlimited takes this interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

■ The Federal Arbitration Act states that a written provision to arbitrate in a contract evidencing a transaction "involving commerce" is valid and enforceable. 9 U.S.C. § 2. "Commerce" includes commerce " * * * in any Territory of the United States * * *." 9 U.S.C. § 1. The question presented is whether commerce in Guam is commerce "in any Territory of the United States" as the phrase is used in 9 U.S.C. § 1. We think it is.

Kanazawa has not favored us with any arguments to the contrary, it having failed to submit a brief on appeal. Its argument below was that, in capitalizing the "T" in "Territory" in 9 U.S.C. § 1, Congress intended only to reach contracts involving commerce in incorporated territories. According to this argument had Congress intended to reach contracts involving commerce in unincorporated territories, such as Guam (*see* 48 U.S.C. § 1421a), the lower case "t" would have been used in the Arbitration Act.

We are not persuaded by this argument. In legislation dealing specifically with Guam, Congress has not used a lower case "t" exclusively. *See, e. g.,* 48 U.S.C. § 1421i(b), 72 Stat. 681; 48 U.S.C. § 1423*l*, 78 Stat. 278. Moreover, in Puerto Rico v. Shell Co., 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235 (1937) the Sherman Act, utilizing a capital "T" was held to apply in Puerto Rico, which is not an incorporated territory.

When Congress declared Guam to be an unincorporated territory, provision was made for a commission to survey federal statutes and to make recommendations to Congress as to which federal statutes should be made applicable to Guam. *See* 48 U.S.C. § 1421c(b) (repealed Pub.L. 90–497, 82 Stat. 847 (1968)). The Commission reported Title 9, U.S.C. was, by its terms, applicable to Guam and recommended that it should remain so. Report of the Commission on the Application of Federal Laws to Guam, House Doc. No. 212, 82nd Cong., 1st Sess., at 16. We think it significant that Congress has not acted to amend the Arbitration Act after the Commission, for which Congress itself provided, concluded that the Act did apply in Guam.

■ Congress used very comprehensive language in defining commerce in 9 U.S.C. § 1. Similarly, Congress has dealt comprehensively with the subject matter of commercial arbitration. Not only are such agreements valid, but also Congress

provided for stays of court proceedings in suits involving arbitrable issues, for specific enforcement of arbitration agreements, for enforcement of an arbitrator's award, and for the appointment of an arbitrator by the court. In addition, Congress prescribed procedures for obtaining these remedies. Thus a federal policy favoring arbitration of disputes was established by Congress, and courts, implementing that policy, liberally construe agreements to arbitrate in favor of arbitration. *See* Lundgren v. Freeman, 307 F.2d 104, 109–110 (9th Cir. 1962).

We think it inconsistent with this clearly defined federal policy to attribute to Congress an implied intent to distinguish between commerce in incorporated territories and commerce in unincorporated territories such as Guam when it enacted the Arbitration Act.

Reversed.