ECONO–CAR INTERNATIONAL, INC., Appellee

v.

ANTILLES CAR RENTALS, INC., Appellant

No. 74-1111

United States Court of Appeals
Third Circuit

Argued April 25, 1974

Filed June 28, 1974

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for appellant*

BRITAIN H. BRYANT, ESQ. (BRYANT, COSTELLO & BURKE), Christiansted, St. Croix, V.I., *for appellee*

Before ALDISERT, ADAMS and GARTH, *Circuit Judges*

## OPINION OF THE COURT

ADAMS, *Circuit Judge*

This appeal presents two questions relating to the Federal Arbitration Act.[1] First, we must decide whether the Act grants to the district court for the Virgin Islands the authority to enforce an agreement to arbitrate contractual disputes.[2] Second, if we should decide that the Act

---

[1] 9 U.S.C. §§ 1–14.

[2] If the Act does not apply to the district court for the Virgin Islands, a party may well defeat any attempt specifically to enforce an agreement to arbitrate in the district court for the Virgin Islands since the party seeking arbitration would then be remitted to local law. There is no Virgin Islands statute providing for specific enforcement of arbitration agreements, and at common law such agreements are not specifically enforceable. See Sigal v. Three K's Ltd., 456 F.2d 1243 (3d Cir. 1972).

has the effect of conferring such authority, we must determine whether the district court for the Virgin Islands has the statutory power, in light of section 4 of the Act, to order that the arbitration between the parties be conducted in New York City as the contract provides.

The controversy prompting this appeal centers upon a franchise agreement between Econo-Car International, Inc., the franchisor, and Antilles Car Rentals, Inc., the franchisee. On February 25, 1972, Antilles notified Econo-Car that it intended to terminate the franchise agreement. It appears that each party asserted, under the contract, certain adjustments, adjustments which the other party resisted. Econo-Car advised Antilles that it desired to submit the various disagreements to the process of arbitral resolution pursuant to paragraph 15 of the franchise agreement.[3] Antilles refused to submit the disputes to arbitration, and Econo-Car thereupon filed a petition in the district court for the Virgin Islands to compel arbitration. On November 21, 1973, the district court ordered Antilles to "enter into arbitration proceedings in the City of New York in accordance with the terms of the [franchise] agreement. . . ."

On this appeal, Antilles challenges the district court's order on several grounds. First, Antilles seeks to establish that section 4 of the Federal Arbitration Act,[4] by its terms,

---

[3] Paragraph 15 of the contract provides as follows:
 It is mutually agreed that the parties hereto will submit any controversy or claim arising out of or relating to this agreement, or the breach thereof, to arbitration in the City of New York and shall abide by the provisions and rules of the "Rules of American Arbitration Association" and that any judgment upon any award rendered by the arbitrator may be entered in any court having jurisdiction thereof and all cost and expenses will be paid by the parties hereto according to said rules.

[4] Section 4 of the Federal Arbitration Act provides, in part, as follows:
 A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

does not confer power on the district court for the Virgin Islands to compel arbitration. The term "United States district court" as used in section 4 has, according to Antilles, an historic meaning that does not include the district court for the Virgin Islands. Further, Antilles points out that the definition of "district court of the United States" contained in 28 U.S.C. § 451 does not comprehend the district court of the Virgin Islands.

Second, Antilles contends that infirmities in the district court's reasoning in its previous memorandum opinion in Sewer v. Paragon[5] undermine its reliance on that decision in the case at hand. The district court's determination that the strong federal policy favoring arbitration supported the application of the Act in toto to the Virgin Islands ignored, according to Antilles, the clear import of the Act's terms.[6] Antilles suggests that, on the basis of the use of the claimed inconsistent phrases relating to the courts covered in separate sections, it would be, at least, no less reasonable to conclude that the Act does not extend authority to enforce arbitration agreements to the district courts of the Virgin Islands as to conclude that it does. In addition, Antilles emphasizes that in Jos. L. Muscarelle, Inc. v. American Timber and Trading Company, Inc.[7] The Fifth Circuit held that the Arbitration Act did not apply to the Canal Zone. The court in Muscarelle, according to Antilles, relied heavily on the fact that "the district court for the Canal Zone [like the district court for the Virgin Islands] is not a "constitutional court established by Chapter 5 of Title 28.

---

[5] 351 F.Supp. 596 (D.V.I. 1972), appeal dismissed, No. 72-1592 (3d Cir. June 25, 1973).

[6] The precise issue in Sewer concerned the district court's authority under section 3 of the Act to stay proceedings pending arbitration. Although section 3 employs the arguably broader phrase "courts of the United States," the district court expressly disavowed piecemeal application of the Act to the district court for the Virgin Islands and concluded that the whole Act, including section 4, applied to it. Id. at 599-600 n. 4.

[7] 404 F.2d 467 (5th Cir. 1968).

. . .".[8] The district court in Sewer, Antilles suggests, was incorrect in failing to follow Muscarelle.

■ Third, Antilles contends that even if section 4 of the Act is held to apply to the district court for the Virgin Islands, the court's order in this case is at odds with the specific terms of that section. Section 4 requires that "[t]he hearing and proceedings, under such [arbitration] agreement, shall be within the district in which the petition for an order directing such arbitration is filed. . . ." Hence, Antilles asserts the district court for the Virgin Islands lacked the authority to order that the arbitration take place in New York City.[9]

Econo-Car, in essence, claims that the substantive concerns underpinning the Federal Arbitration Act do not support any distinction based upon the particular federally-created court in which an order to enforce arbitration is sought, despite any contrary inference that may be drawn from the ambiguous language. Further, Econo-Car contends that Supreme Court opinions do not clearly indicate that the term "United States district court" has the narrow scope that Antilles suggests.[10]

■ None of the arguments of the parties concerning the precise meaning of the uncertain statutory language and the relative wisdom of arguably conflicting judicial precedents[11] offers a persuasive rationale for disposing of this appeal. The absence of legislative material relating to the applicability of the Act to the Virgin Islands suggests that Congress did not consider the precise issue presented

---

[8] Id. at 469.

[9] Antilles apparently presents this contention for the first time in its supplemental brief on this appeal. However, since the contention raises questions concerning the statutory authority of the district court, we deem it appropriate to consider it at this time.

[10] See International Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237 (1952); Mookini v. U.S., 303 U.S. 201 (1938).

[11] Compare Jos. L. Muscarelle, Inc. v. American Timber & Trading Co., 404 F.2d 467 (5th Cir. 1968) and Kanazawa Ltd. v. Sound, Unlimited, 440 F.2d 1239 (9th Cir. 1971).

by this appeal. With the issue of applicability of the Act to the district court for the Virgin Islands in this inconclusive posture, it would appear that we should reach a decision reflecting the strong federal policy, evidenced by the Act itself, favoring the enforcement of arbitration agreements. No conflicting policy considerations of significance are apparent. Thus, we conclude that the Federal Arbitration Act extends to the district court for the Virgin Islands, thereby conferring upon it the power to direct arbitration in the present case.

The order compelling arbitration in this case, however, raises a different problem. Under the order's terms, the contemplated arbitration is to take place in New York City, as specifically provided in the agreement between the parties. Section 4 of the Act permits a party to request an order requiring arbitration "in the manner provided for in such agreement." But Section 4 also provides that the arbitration "shall be within the district in which the petition for an order directing such arbitration is filed." In a case like the present, where the agreement provides for arbitration outside of the district in which the petition is filed, Section 4 can create a perplexing dilemma: a district court might not be able to order arbitration strictly in accordance with the terms of the agreement, as one portion of Section 4 seems to require, without contravening a second portion of Section 4.

█ While any directive in Section 4 that arbitration be conducted according to the terms of the agreement is implicit at best,[12] the requirement that arbitration take place in the district court where the petition is filed is clear and

---

[12] Cf. discussion in The Bremen, et al. v. Zapata Off-Shore Co., 407 U.S. 1 (1972), where the Court held that a forum-selection clause was binding upon the parties unless the respondent could meet the heavy burden of showing that its enforcement would be unreasonable, unfair or unjust.

unequivocal. Certainly the savings of resources occasioned by the geographic concentration of all proceedings provides an appropriate legislative basis for this limitation on the district court's power. We recognize that if the statutory language referring to the terms of the arbitration agreement is also given a restrictive reading, a party who seeks arbitration in a district court properly having venue may well be unable to secure an arbitration order in such district court in circumstances like those presented by this case.[12a] Despite the somewhat paradoxical situation thus possibly created, we are inclined to heed the unambiguous statutory language limiting the district court's power to order arbitration outside of the district. We hold, therefore, that the district court erred in ordering arbitration to take place in New York City.[13]

Accordingly, the judgment of the district court will be reversed and the case dismissed.

---

[12a] But see Continental Grain Co. v. Dant & Russell, Inc., 118 F.2d 967 (9th Cir. 1941).

[13] We note that had Econo-Car brought this suit initially in a district court in New York, such court, it appears, would view the agreement to arbitrate in New York as a waiver of any possible objections Antilles might make to the court's venue. See id. Joseph Muller Corp. Zurich v. Commonwealth Petrochemicals, Inc., 334 F.Supp. 1013, 1021 (S.D.N.Y. 1971); Lawn v. Franklin, 328 F.Supp. 791, 793–94 (S.D.N.Y. 1971).