**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**0.459 ACRES OF LAND, ET AL., Defendants**

**BARRY BROWN and JOLIE STAHL, as Trustees**
**of the Long Bay Trust, Plaintiffs**
**v.**
**LEO FRANCIS, as Commissioner of the**
**Department of Public Works, and DELMA**
**G. HODGE, as Commissioner of the Department**
**of Property and Procurement, and GOVERNMENT**
**OF THE VIRGIN ISLANDS, Defendants**

Civil Nos. 93-59, 92-81

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 31,1995

273

MOORE, *Chief Judge*

## MEMORANDUM

These cases are before the Court on the motion of the Government of the Virgin Islands' ("Government") to dismiss the arbitrator's award and the arbitration proceeding on which it was based for lack of jurisdiction. Although the Trustees of the Long Bay Trust ("Trustees") have requested oral argument, the Court finds that the issue may be resolved on the briefs. The Government's motion will be denied for the reasons set forth below.

This matter involves related actions, Civil Number 1992-81, an action for inverse condemnation of a piece of commercial property abutting a proposed highway, and Civil Number 93-59, an action for partial condemnation of that same property, which have been consolidated for discovery and trial purposes. At some point between the pre-trial conference held on September 24, 1994, and the arbitration hearings which began on October 5, 1994, the parties executed a written agreement, in the form of a joint stipulation ("Joint Stipulation"), to refer all questions in the case to binding arbitration before a named arbitrator. The parties presented the testimony of numerous witnesses and provided extensive documentary evidence at the arbitration hearings conducted on October 5 and 6, 1994. On or about October 24, 1994, the arbitrator announced an award, in favor of the Trustees, of $2,891,158.00 without costs.

In a brief thoroughly devoid of any legal authority or meaningful argument, the Government now asserts that the arbitration results should be "dismissed" on grounds of "mutual

mistake" in the formation of the parties' contract to submit to binding arbitration. In their Joint Stipulation, the parties referred both to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14, and to what was formerly known as the Administrative Conference Act ("ACA"), 5 U.S. CODE §§ 571-83. In support of its allegations of mistake, the Government contends that the Government of the Virgin Islands is not an agency within the meaning of 5 U.S.C. §§ 571-83 and thus cannot enter into binding arbitration under its provisions.[1] Though this observation is correct, the contract to arbitrate is nonetheless valid for a host of reasons left unaddressed by the Government.

■ ■ Both parties voluntarily signed the Joint Stipulation to enter binding arbitration, which itself constitutes an enforceable contract under the FAA. The Stipulation specifically contemplated that judgment on the arbitrator's award may be entered by the District Court of the Virgin Islands, Division of St. Thomas and St. John. This Court clearly has the authority not only to enforce arbitration awards but also to enforce agreements to arbitrate under the FAA. *Econo-Car International, Inc. v. Antilles Car Rentals, Inc.* 11 Va. 258, 263, 499 F.2d 1391, 1393 (3d Cir. 1974). A strong policy in favor of arbitration suffuses federal as well as Virgin Islands law. *See id.; see also, Government of the Virgin Islands v. De Jongh et al.,* 28 Va. 153 (D.V.I. 1993). Despite the Government's obfuscation, this proceeding is governed by the FAA and the Trustees may seek an entry of judgment on the arbitration award in this Court pursuant to 9 U.S.C. § 9.

■ The Court agrees that the Government of the Virgin Islands is not an agency within the meaning of 5 U.S.C. §§ 571-83 as is

---

[1] A representative portion of the Government's convoluted brief reads as follows: "However, pursuant to 5 USC Section 551 for purposes of Subchapter II, specifically excludes the government of the territories or possessions of the United States as specifically excluded from coverage by Section 581. Further, this exclusion extends to 5 U.S.C. Ch. 7 by Section 701(c) and is not applicable through the United States Arbitration Act . . ." [sic] The speciousness of the Government's argument is outshined only by its incomprehensible prose and citation to a nonexistent statute, namely "5 U.S.C. 701(c)."

evidenced by the clear language of section 572(2).[2] This fact, however, does not defeat the validity of the arbitration under the FAA in which the Government and the Trustees willingly engaged. To state the case in the idiom of contract law argued by the Government, the parties' mutual mistake in referring to an inapplicable statute does not have "a material effect on the agreed upon exchange of performances." *See*, RESTATEMENT (SECOND) OF CONTRACTS § 152 (1981). Viewing the Joint Stipulation as a whole, the Court finds that the parties unmistakably intended to submit all issues in dispute to binding arbitration, enforceable in this Court.

■ The Joint Stipulation states that the Government will "abide by and perform any award rendered by the Arbitrator." (Stip. p.2). This language manifests the parties' unambiguous intention to be bound by the results of arbitration, notwithstanding any incidental and mistaken invocation of 5 U.S.C. §§ 571-83. The Government's brazen attempt to avoid this contract on the flimsiest of pretenses, in a brief containing not one citation to precedent,[3] rises to the level of sanctionable conduct under FED. R. CIV. P. 11(b).[4] Considered as a whole, the Government's motion papers are inexcusably opaque and insufficiently supported by case law. Accordingly, sanctions, including ordering the Government to pay all costs and attorneys' fees associated with this motion, would appear to be in order. The Court will allow the Government a reasonable opportunity to file a written response showing cause why it has not violated Rule 11 by filing the instant motion.

The Court will also confirm the arbitration award and enter judgment upon it. The Trustees shall submit their costs and attorney's fees related to the opposition of the instant motion for re-imbursement by the Government. An appropriate order is attached.

---

[2] It also follows that none of the other provisions of the ACA would apply to this case, including, for instance, the power of the head of an agency, which is a party to an arbitration proceeding, to vacate any award issued. *See*, 5 U.S.C. § 580(c).

[3] Citation to relevant authority is required by the LOCAL RULES OF CIVIL PROCEDURE. LRCi 7.1(e).

[4] The Government also argues that "the District Court of the Virgin Islands lacks jurisdiction to authorize arbitration under 28 USC 651," a statute neither invoked by the parties in their stipulation nor relevant in any manner to this case. *See*, 28 U.S.C. § 651 (b) (1994 Supp.) ("*Title 9 not affected.* This chapter [28 U.S.C. § 651 et seq.] shall not affect title 9 [9 U.S.C. § 1 et seq.].") (bold in original).

276

## ORDER

For the reasons set forth in the attached Memorandum, it is hereby

ORDERED, ADJUDGED, and DECREED that judgment be, and is hereby, entered in confirmation of the arbitration award, duly rendered in favor of the Trustees on or about October 24, 1994, in the sum of $2,891,158.00. It is further

ORDERED that the Government of the Virgin Islands' motion to dismiss the arbitration is DENIED. It is also

ORDERED that the Government show cause, on or by April 14, 1995, why sanctions under FED. R. CIV. P. 11(b) should not be imposed upon it. It is also

ORDERED that the Trustees shall submit their affidavit of the costs and attorney's fees associated with its opposition to the Government's motion to dismiss, no later than April 14, 1995.

ENTERED this 31st day of March, 1995.