896 F.Supp. 1219 (1995)
Mildred KAPLAN, Eugene Kaplan, and Malcolm Kaplan, Plaintiffs,
v.
DEAN WITTER REYNOLDS, INC., Leslie Lukoff, and William Bunn, Defendants.
No. 94-8457-CIV.
United States District Court, S.D. Florida.
July 31, 1995.
Peter J. Aldrich, West Palm Beach, FL, for Reynolds and Lukoff.
Bradford D. Kaufman, P.A., Steel Hector & Davis, West Palm Beach, FL, for Bunn.

FINAL ORDER
GONZALEZ, District Judge.
THIS CAUSE has come before the Court upon Defendants' Motion to Dismiss Plaintiffs' Second Amended Petition to Vacate Arbitration Award for Lack of Subject Matter Jurisdiction. The Motion has been fully briefed and is ripe for disposition.
The Federal Arbitration Act, 9 U.S.C. § 1, et seq., does not provide a basis of federal jurisdiction. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Rather, Plaintiffs' petition to vacate must have some independent basis of federal jurisdiction. At issue is whether the federal subject matter of the arbitration, the "underlying dispute", supports federal question jurisdiction over a petition to vacate which, under the "well-pleaded complaint" analysis, seeks vacation of the arbitration award on the grounds enumerated under 9 U.S.C. § 10.
It is important to note that "[c]ourts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation, and the express terms of 9 U.S.C. §§ 10 and 11 have often been deemed the exclusive grounds for vacation or modification." Ainsworth v. Skurnick, 960 F.2d 939, 940 (11th Cir.1992). Thus, the district court is not involved in a de novo review of whether federal securities laws were violated, for example, and awarding damages for violation of those federal laws. Rather, the district court primarily applies the standards created under the FAA in order to determine whether the remedy of vacating the award is appropriate. This distinction is important when considering whether the petition presents a federal question sufficient to independently support federal question jurisdiction.
In the absence of contrary authority, this Court will follow Giangrande v. Shearson Lehman/E.F. Hutton, 803 F.Supp. 464 *1220 (D.Mass.1992); Klein v. Drexel Burnham Lambert, Inc., 737 F.Supp. 319 (E.D.Pa. 1990); Drexel Burnham Lambert, Inc. v. Valenzuela Bock, 696 F.Supp. 957 (S.D.N.Y. 1988); and In Re Application of Prudential Securities Inc., 795 F.Supp. 657 (S.D.N.Y. 1992), in holding that federal question jurisdiction cannot be found by looking beyond the petition to the underlying claims that were the subject of arbitration.
This Court notes the possible tension between these decisions and the comment by the Supreme Court in Moses, supra, at 25, n. 32, 103 S.Ct. at 942, n. 32 ("Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute...."), which presumably refers to the language in Section 4 which states that a district court has jurisdiction over a petition to compel arbitration when that court has "jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties." However, speculation over the meaning of this footnote and the arcane language of 9 U.S.C. § 4 will not prevail over the uniform body of authority that has been building on this issue.
Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:
ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Plaintiffs' Second Amended Petition to Vacate Arbitration Award for Lack of Subject Matter Jurisdiction is GRANTED. This cause is hereby DISMISSED for lack of subject matter jurisdiction.
DONE AND ORDERED.