**U.S. BANK NATIONAL ASSOCIATION ND, Petitioner,**

v.

**Dennis N. STRAND, Respondent.**

**No. CIV.02–769–ST.**

United States District Court,
D. Oregon.

Sept. 19, 2002.

---

C. Marie Eckert, Miller Nash, Portland, James F. McCabe, James R. McGuire, Morrison & Foerster, San Francisco, CA, for Petitioner.

Brian R. Strange, Gretchen A. Carpenter, Strange & Carpenter, Los Angeles, CA, Hope A. Del Carlo, Phil Goldsmith, Law Office of Phil Goldsmith, Portland, OR, for Respondent.

### ORDER

ROBERT E. JONES, District Judge.

Magistrate Judge Janice M. Stewart filed Findings and Recommendation (# 27) on September 20, 2002, in the above entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.,* 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982).

Petitioner has timely filed objections. I have, therefore, given *de novo* review of Magistrate Judge Stewart's rulings.

I find no error. Accordingly, I ADOPT Magistrate Judge Stewart's Findings and Recommendation (# 27) dated September 19, 2002, in its entirety. Respondent's motion (# 12) to dismiss U.S. Bank's petition to compel arbitration is GRANTED and the Petition is dismissed.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION

STEWART, United States Magistrate Judge.

### *INTRODUCTION*

Pursuant to the requirements of a written agreement to arbitrate, petitioner U.S. Bank National Association ND ("U.S.Bank") petitions for an order compelling the arbitration of a dispute. That dispute is a class action filed by respondent Dennis N. Strand ("Strand") against U.S. Bank in the United States District Court for the Central District of California, entitled *Strand v. U.S. Bank, National Association ND,* Case No. 02–01094 ("*Strand* class action"). The *Strand* class action was brought by Strand on behalf of himself and all similarly situated consumers who hold Visa or Mastercard credit card accounts issued by U.S. Bank. The complaint in the *Strand* class action alleges claims for violation of the Fair Credit Billing Act, 15 USC § 1666c, and for breach of contract arising from improper excess finance charges and late fees as a result of U.S. Bank's improper practice of failing to credit payments on the day received.

In response to the Petition, Strand has filed a motion to dismiss for lack of subject

matter jurisdiction (docket # 12) and an opposition to the Petition because the arbitration clause is unconscionable and unenforceable. For the reasons stated below, this court recommends granting Strand's motion to dismiss for lack of jurisdiction.

## DISCUSSION

### I. The Federal Arbitration Act

The contract at issue contains a written provision to arbitrate disputes which U.S. Bank seeks to enforce pursuant to the Federal Arbitration Act, 9 USC §§ 2 and 4. However, the Federal Arbitration Act is not an independent basis for federal question jurisdiction. As held by the United States Supreme Court:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C § 1331 (1976 ed., Supp. IV) or otherwise.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr.*, 460 U.S. 1, 25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

■ Accordingly, this court has no jurisdiction over a petition to compel arbitration in the absence of an independent jurisdictional ground based on diversity or federal question. *Id.* Although paragraph 4 of the Petition alleges jurisdiction based on diversity of citizenship, U.S. Bank advised the court during oral argument that it was abandoning this basis for jurisdiction. Instead U.S. Bank claims that this court has subject matter jurisdiction under 28 USC § 1331 based on a federal question.

### II. Federal Question Jurisdiction

■ U.S. Bank asserts that this court has federal question jurisdiction because one of the claims in the *Strand* class action

is based on a federal statute, the Fair Credit Billing Act, 15 USC § 1666c. This court disagrees.

■ As a general rule, federal question jurisdiction is based on the specific law on which plaintiff bases its complaint. The well-established rule under 28 USC § 1331 requires that a federal question " 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.' " *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974), citing *Gully v. First Nat Bank in Meridian*, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

Here the Petition alleges no claim predicated on a federal law, but instead alleges only one claim seeking enforcement of the Federal Arbitration Act with respect to the federal claim pending in the *Strand* class action. As noted above, federal question jurisdiction does not arise from the mere fact that a claim is based on the Federal Arbitration Act. The issue is whether the federal claim alleged in the *Strand* class action, which is pending in another federal district court, provides a basis for federal question jurisdiction in this court.

U.S. Bank urges this court to look no further than the language of 9 USC § 4 which provides that a party "may petition any United States district court which ... would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed." According to U.S. Bank, this court "would have jurisdiction" of the "subject matter of a suit arising out of the controversy between the parties" because one of the

claims in the underlying dispute is based on a federal statute.

At first glance, this appears to be a reasonable statutory interpretation. However, as noted by the Second Circuit, "a number of courts ... have concluded that they lack federal question jurisdiction over an action brought under [the Federal Arbitration Act], even though the underlying arbitration claim raised a federal question over which the court would have had subject matter jurisdiction if the claim had originally been brought in federal court." *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 267 (2nd Cir.1996). This conclusion originates from an analysis of 9 USC § 4 by Judge Leval in *Drexel Burnham Lambert, Inc. v. Valenzuela Bock*, 696 F.Supp. 957, 965 (S.D.N.Y.1988), who found that the text of 9 USC § 4 does not confer federal question jurisdiction "where the claim of federal jurisdiction is not based on the petition itself, but rather on the federal character of the underlying dispute [in arbitration]." The Second Circuit was persuaded by his analysis:

> After carefully analyzing the legislative history and purposes of the FAA, Judge Leval found that the language of FAA § 4 is not intended to confer jurisdiction, but should instead be read as a response to the antiquated common law principle that an agreement to arbitrate would oust the federal courts of jurisdiction.
>
> \*  \*  \*  \*  \*  \*
>
> If the language of FAA § 4 were interpreted to give federal courts jurisdiction to compel arbitration whenever the underlying claim involves a federal question, this would produce an odd distinction: a petition to compel arbitration could be brought in federal court, but a petition under FAA § 9 or § 10 to confirm or vacate the arbitration award in the same dispute could not. This distinction would truly be "bizarre," because "[t]he interest of the federal court

in determining whether the arbitration award was entered in manifest disregard of the federal law ... would seem to be far greater than the federal interest in seeing that the claims could be arbitrated."

> In sum, we find that the text of FAA § 4 should not be interpreted to mean that a federal court has subject matter jurisdiction over an action to compel or stay arbitration merely because the underlying claim raises a federal question. A petition under FAA § 4 to compel or stay arbitration must be brought in state court unless some other basis for federal jurisdiction exists, such as diversity of citizenship or assertion of a claim in admiralty.

*Westmoreland*, 100 F.3d at 267–68 (citations omitted).

As a result, *Westmoreland* dismissed for lack of subject matter jurisdiction a suit by a financial advisor to enjoin a National Association of Securities Dealers ("NASD") arbitration.

*Westmoreland* relied in part on a prior Fifth Circuit decision reaching the same conclusion. In *Prudential–Bache Sec., Inc. v. Fitch*, 966 F.2d 981 (5th Cir.1993), *rehr'g denied* (1995), the Fifth Circuit found no federal question jurisdiction to enjoin state court litigation involving federal securities law claims because the federal securities laws were not part of the complaint. It explained:

> Admittedly, if read in a vacuum the FAA could be interpreted to allow courts to look to the underlying controversy between the parties, rather than the actual suit before the district court, to determine whether federal jurisdiction is present. However, when we read the statute in light of its history and purpose and in conjunction with well established rules for determining federal

question jurisdiction, we find that interpretation unpersuasive.

When the FAA is read in light of its purpose, ... the statute should be read as follows:

A court which is otherwise vested of jurisdiction of the suit [*i.e.* "would have" jurisdiction "save for" the agreement] would not be divested [of jurisdiction] by the arbitration agreement and may proceed to order arbitration, contrary to prior precedent.

This reading leaves intact the well established rule that, under § 1331, federal question jurisdiction is established on the basis of a "well pleaded complaint." It is also consistent with the Supreme Court's statements regarding the statute in *Moses Cone.*

*Id* at 987–88 (citations omitted).

Although not citing *Westmoreland,* the Sixth Circuit in *Smith Barney, Inc. v. Sarver,* 108 F.3d 92, 94 (6th Cir.1997), similarly found no federal question jurisdiction over an action by a broker to enjoin an NASD arbitration because "[t]he rights asserted by Smith Barney in this case are based simply on an interpretation of the contract to arbitrate, as opposed to the actual merits of the underlying substantive claims."

Although involving an application to vacate an arbitration award under 9 USC § 10, the District of Columbia Circuit analyzed 9 USC § 4 in *Kasap v. Folger Nolan Fleming & Douglas, Inc.,* 166 F.3d 1243, 1246 (D.C.Cir.1999). Recognizing that *Moses H. Cone* suggests there is federal question jurisdiction over an action seeking to compel arbitration when the underlying claims are federal question claims, it held that the "the clear weight of authority rejects that proposition," citing *Westmoreland, Smith Barney, Inc., Prudential–Bache,* and *Valenzuela Bock. Id.* at 1246; *see also Kaplan v. Dean Witter Reynolds, Inc.,* 896 F.Supp. 1219, 1220 (S.D.Fla.

1995); *Giangrande v. Shearson Lehman/E.F. Hutton,* 803 F.Supp. 464, 469–73 (D.Mass.1992); *In re Prudential Sec., Inc.,* 795 F.Supp. 657, 660–62 (S.D.N.Y.1992) (dismissing petition by securities firm to stay NASD arbitration of customer's securities claims); *Klein v. Drexel Burnham Lambert, Inc.,* 737 F.Supp. 319, 322–24 (E.D.Pa.1990) (following *Valenzuela Bock* involving parallel facts).

As U.S. Bank correctly notes, *Westmoreland* has not been adopted by the Ninth Circuit. However, citing Westmoreland, *Smith Barney, Inc., Prudential–Bache,* and *Kasap,* the Ninth Circuit has recognized, but declined to address, those courts' interpretation of 9 USC § 4:

We recognize that there is a substantial body of case law which holds that the existence of a federal question in the underlying dispute is not sufficient to create subject matter jurisdiction over a petition to compel arbitration under § 4 of the FAA, 9 USC § 4.

If the *Westmoreland* doctrine were established law in the Ninth Circuit, it would provide an additional basis to conclude that there is no subject matter jurisdiction over Blue Cross' petitions. Because we conclude, however, that federal question jurisdiction is lacking in the underlying dispute, we find it unnecessary to address whether we should embrace the *Westmoreland* construction of the § 4 of the FAA, an issue discussed neither by the parties nor the district courts in the cases at bench.

*Blue Cross v. Anesthesia Care Assocs. Med. Group,* 187 F.3d 1045, 1050 n. 5 (9th Cir.1999) (citations omitted).

Therefore, not only is the great weight of authority in conformance with the Second Circuit's decision in *Westmoreland,* but the Ninth Circuit has given no indication that it would rule to the contrary.

The only other authorities cited by U.S. Bank in support of its argument that the *Strand* class action provides federal question jurisdiction in this court are two district court decisions, *Gouger v. Bear, Stearns & Co., Inc.*, 823 F.Supp. 282, 284–85 (E.D.Pa.1993) and *Dean Witter Reynolds, Inc. v. Sanchez Espada*, 959 F.Supp. 73, 76 (D.Puerto Rico 1997), and one Court of Appeals' decision, *Gibraltar, P.R., Inc. v. Otoki Group, Inc.*, 104 F.3d 616, 618 (4th Cir.1997). None of these three cases is persuasive authority.

In *Gouger*, the defendant sought to compel arbitration in the same case brought by the plaintiffs. In such a situation, unlike here, the federal court in which the defendant seeks to compel arbitration already has jurisdiction over the underlying claims. Therefore, while *Gouger* might have some persuasive effect if U.S. Bank had filed its petition to compel arbitration in the United States District Court for the Central District of California, where the *Strand* class action is pending, it is not instructive on the issue presented here.

*Dean Witter Reynolds* concluded, with no analysis of 9 USC § 4 and decisions interpreting that statute after *Moses H. Cone*, that it had federal question jurisdiction over a motion to stay arbitration proceedings. Therefore, it is not persuasive. In *Gibraltar*, the court concluded that the underlying dispute did not involve a federal claim and affirmed dismissal based on lack of subject matter jurisdiction. As a result, it did not involve, and therefore did not address, the issue presented here.

U.S. Bank attempts to differentiate between federal claims in an underlying arbitration or state court case and federal claims in an underlying case pending in another federal district court. This is a distinction without a difference. This court has no subject matter jurisdiction over another case filed in another federal district court, just as it has no subject matter jurisdiction over a pending arbitration or state court case. This court could easily acquire subject matter jurisdiction over the *Strand* class action had it been filed in, removed to, or transferred to this court. But the ease of acquiring jurisdiction does not warrant exercising jurisdiction. In sum, a case pending in another federal court which alleges a claim under federal law has no impact on the jurisdictional power of this court to compel arbitration of that claim.

U.S. Bank filed its Petition to compel arbitration in this court, instead of in the *Strand* class action, in order to avoid any dispute over proper venue. The arbitration agreement at issue specifies that the arbitration must occur in the federal judicial district in which Strand resides, which is the District of Oregon. Declaration of Robert A. McKay, Ex. A, ¶ 44. According to some courts, if an arbitration agreement requires that the arbitration occur in a specific location, only the federal district court in that location has authority to grant a motion to compel arbitration under 9 USC § 4. *See e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir.1995); *Econo–Car Int'l, Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3rd Cir.1974); *Lawn v. Franklin*, 328 F.Supp. 791, 793–94 (S.D.N.Y. 1971). However, the position of the Ninth Circuit on this issue is unclear. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1271 n. 1, *amended*, 289 F.3d 615 (9th Cir.2002) (noting uncertainty over whether a petition to compel arbitration must be brought in the district in which the sought-after arbitration is to take place or whether it may be brought elsewhere); *Textile Unlimited, Inc. v. A. BMH and Co.*, 240 F.3d 781, 783–86 (9th Cir.2001) (concluding that a motion to enjoin an arbitration need not be brought in the district in which the arbitration is pending).

This court is sympathetic with U.S. Bank's desire to avoid the expense and delay that would be inherent in a dispute in the Central District of California as to whether it could compel an arbitration in Oregon as mandated by the arbitration agreement. However, instead of filing its petition to compel arbitration in this court, which lacks jurisdiction, or in the United States District Court of the Central District of California, which may lack venue, it could have filed its petition to compel arbitration in Oregon state court, which has both jurisdiction and venue.

This court concludes that based on the great weight of authority, it has no federal jurisdiction over a petition to compel arbitration simply because the underlying claim raises a federal question. U.S. Bank has offered no persuasive argument to the contrary. Because U.S. Bank's lawsuit to compel arbitration is based entirely on the Federal Arbitration Act, there is no independent basis for federal jurisdiction, and Strand's motion to dismiss should therefore be granted.

Because this court lacks subject matter jurisdiction, it need not decide whether the parties' arbitration agreement is valid and enforceable.

### RECOMMENDATION

For the reasons set forth above, Strand's Motion to Dismiss U.S. Bank's Petition to Compel Arbitration (docket # 12) should be GRANTED and the Petition should be dismissed.

### SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due October 10, 2002. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, the response is due no later than October 28, 2002. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

September 19, 2002.