**LISA ALEJANDRO, Plaintiff**
**v.**
**L.S. HOLDING, INC. d/b/a Little Switzerland, Defendant**

Civ. No. 2002-225

District Court for the Virgin Islands

Division of St. Thomas and St. John

March 26, 2004

DESMOND L. MAYNARD, ESQ., St. Thomas, U.S.V.I., *for plaintiff*

KARIN A. BENTZ, ESQ., St. Thomas, U.S.V.I., *for defendant*

MOORE, *Judge*

## MEMORANDUM

This matter is before the Court on the defendant's motion to dismiss or stay pending arbitration and to compel arbitration. For the reasons stated below, I will grant the defendant's motion to compel arbitration and will dismiss the plaintiff's action, without prejudice, pending arbitration proceedings.

## I. FACTUAL BACKGROUND

On July 29, 1996, Alejandro signed an application for employment with L.S. Holding, Inc. d/b/a Little Switzerland ["Little Switzerland"] which contained an arbitration clause. On the fourth and final page of the application, there is a provision stating that if Alejandro was employed by Little Switzerland and any dispute concerning her employment arose, she would follow the company's internal procedure for problem resolution as described in the employee handbook. The application stated:

If I am employed, I agree to adhere to all the Company's policies, practices and procedures of employment. I also agree that if there is any dispute or conflict concerning any aspect of my employment, including but not limited to compensation, benefits, interpretation of policies, practices, procedures I am required to follow the Company's internal procedure for problem solving as described in the Little Switzerland Employee Handbook.

The employee handbook sets forth the following procedure for internal dispute resolution:

The Company encourages all employees who have any concerns, questions, or problems to seek assistance within Little Switzerland to resolve all concerns in an equitable and open manner. We believe in and recommend the following method for resolving any problems or concerns you may have: Talk with your immediate supervisor/manager. He or she is usually in the best position to help you, especially with issues related to your job, wages, work hours and general Company policy information. While your supervisor/manager may not immediately have the answer to every question; he/she will probably know where to find the answer for you. If your supervisor/manager cannot assist you or you are not satisfied with the response he or she has provided to you, you should then contact the Human Resources Department. The situation will be carefully reviewed, investigated as appropriate, and with as much confidentiality maintained as is reasonably possible. A decision on the issue or question raised will be provided [sic] as soon as is reasonably possible. If you disagree with the decision provided through the Human Resources Department, you may request that the matter be reviewed by a higher level of management. Once the matter is reviewed and a decision reached, you will be advised of the outcome.

Finally, the application provided:

if I am not satisfied with the decision reached by the Company, I agree that any dispute arising with respect to any aspect of my employment shall be determined and settled by arbitration pursuant to the rules of the American Arbitration Association in effect at the time of any dispute.

Little Switzerland accepted Alejandro's application and Plaintiff worked for the company until she resigned on March 15, 2001. On December 16, 2002, Alejandro filed suit against the company, alleging that she was forced to resign due to Little Switzerland's employment discrimination. Specifically, Alejandro alleges that Little Switzerland violated both federal and Virgin Islands law by engaging in employment discrimination on the basis of race, sex and national origin. On September 23, 2003, Little Switzerland filed notice of its motion to compel arbitration and dismiss or stay Alejandro's suit pending arbitration.

## II. ANALYSIS

### A. Motion to Dismiss or Stay Pending Arbitration

Alejandro opposes Little Switzerland's motion to compel arbitration, arguing that the application's arbitration clause is unconscionable and therefore unenforceable. She claims the arbitration clause is unconscionable because (1) it unreasonably favors Little Switzerland, (2) it fails to inform Alejandro of her rights, and (3) Little Switzerland waived its right to arbitrate because it failed to comply with its own internal procedures set forth in the agreement.

The Supreme Court has recognized that the Federal Arbitration Act establishes a strong federal policy in favor of enforcing arbitration agreements.[1] *See, e.g., Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217, 84 L. Ed. 2d 158, 105 S. Ct. 1238 (1985). The Supreme Court has also noted that generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements despite the Federal Arbitration Act's favorable approach toward arbitration agreements. *See, e.g., Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 134 L. Ed. 2d 902, 116 S. Ct. 1652 (1996).

---

[1] The Federal Arbitration Act is unambiguous in directing courts to enforce arbitration agreements:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration ... the court ... shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ...

9 U.S.C. § 3.

■ In the Virgin Islands, section 208 of the RESTATEMENT (SECOND) OF CONTRACTS governs Alejandro's unconscionability claim.[2] Section 208 provides:

> If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result.

Comment d to that section provides the following guidance:

> A bargain is not unconscionable merely because the parties to it are unequal in bargaining position, nor even because the inequality results in an allocation of risks to the weaker party. But gross inequality of bargaining power, *together with terms unreasonably favorable to the stronger party,* may confirm indications that the transaction involved elements of deception or compulsion, or may show that the weaker party had no meaningful choice, no real alternative, or did not in fact assent or appear to assent to the unfair terms.

RESTATEMENT (SECOND) OF CONTRACTS § 208 cmt. d (emphasis added).

■ Putting aside for a moment whether Little Switzerland's bargaining power over Alejandro was "grossly" unequal, I first look at the terms to determine if they "unreasonably" favored Little Switzerland. Alejandro argues that the arbitration clause unreasonably favors Little Switzerland because it requires her to submit her claims to arbitration but does not require the same of the defendant. I do not agree, however, that Little Switzerland's retention of the option to litigate in court while requiring Alejandro to arbitrate her claims unreasonably favors the defendant. *See Harris v. Green Tree Financial Corp.*, 183 F.3d 173, 180, 183 (3d Cir. 1999). The Court of Appeals has instructed that

> the mere fact that [defendant] retains the option to litigate some issues in court, while the [plaintiff] must arbitrate all claims does

---

[2] The Virgin Islands have adopted the RESTATEMENT (SECOND) OF CONTRACTS as the definitive source of decisional contract law, absent any local laws to the contrary. *See* 1 V.I.C. § 4.

not make the arbitration agreement unenforceable. We have held repeatedly that inequality in bargaining power, alone, is not a valid basis upon which to invalidate an arbitration agreement.

*Id.* at 183 (citing *Great Western Mortg. Corp. v. Peacock*, 110 F.3d 222, 229 (3d Cir. 1997), *Pritzker v. Merrill Lynch*, 7 F.3d 1110, 1118 (3d Cir. 1993)).

▪ In addition, I find that there are no other aspects of this arbitration provision that unreasonably favor Little Switzerland to the detriment of Alejandro. I note, for example, that the arbitration agreement does not limit the claims that Alejandro may bring, impose oppressive time limits in which to bring a claim, require her to bear an unreasonable portion of the cost, deny her the opportunity to participate in the selection of a mediator, or prevent her from seeking review of any arbitration decision in this Court. Consequently, I find no basis to conclude that this arbitration clause is unreasonable.

Because the arbitration provision at issue does not contain any unreasonable requirements and I find that it is fair as a matter of law, there is no reason to proceed with the analysis because, by definition, the provision may not be found unconscionable.[3]

▪ Alejandro also makes an argument based on Little Switzerland's conduct rather than the terms of the arbitration agreement. She argues that she should not be bound by the arbitration clause because Little Switzerland did not follow its own internal dispute resolution procedures as set forth in the employee handbook. The handbook "encourages" all employees who have concerns to discuss those concerns with Little Switzerland and "recommends" a method for addressing those concerns where the employee first contacts her immediate supervisor, and, if necessary, subsequently raises the issue with the company's human

---

[3] Some courts engage in a two-pronged analysis consisting of a "substantive" and "procedural" inquiry in analyzing a contract provision for unconscionability, *See, e.g., Alexander v. Anthony International*, 341 F.3d 256 (3d Cir. 2003). In Alexander, for example, the Third Circuit Court of Appeals applied the contract law of Pennsylvania and California when it stated that "courts have generally recognized that the doctrine of unconscionability involved both 'procedural' and 'substantive' elements." 341 F.3d at 265. Neither the plain language of the Restatement nor Virgin Islands case law mandate such a two-step inquiry. *See e.g., Lloyd v. Hovensa and Wyatt*, 243 F. Supp. 2d 346, 349-50 (D.V.I. 2003); *Plaskett v. Bechtel Int'l, Inc.*, 243 F. Supp. 2d 334, 339-40 (D.V.I. 2003).

resource department and then higher level management. Alejandro alleges that Little Switzerland's chain of command did not follow the recommended internal dispute resolution procedures and, therefore, Little Switzerland is barred from enforcing the arbitration provision. Little Switzerland's conduct and alleged failure to follow these internal procedures, however, have nothing to do with whether the terms of the arbitration agreement were unconscionable *vel non*. Moreover, by the plain terms of the handbook, this is only a "recommended" procedure and, therefore, it is not a condition precedent to enforcement of the arbitration provision. Rather, the handbook provides that if Alejandro is not satisfied with the company's response from her effort at resolving the dispute internally and wishes to continue to pursue her claim, she must seek resolution through arbitration.

Finally, Alejandro argues that the Agreement failed to fully inform her of her rights because it devoted only a few lines to arbitration, did not explain the procedures of the American Arbitration Association, and was written in somewhat small type. The plaintiff is well educated, fully literate in the English language, and the terms in question were straightforward and readily apparent in the relatively short agreement. Alejandro has not shown that she had "little or no knowledge of its terms" or that it is "likely" that she did not consent to all the terms. *See, e.g.*, *Williams v. Walker-Thomas Furniture Co.*, 121 U.S. App. D.C. 315, 350 F.2d 445, 449-50 (D.C. Cir. 1965).

Accordingly, I hold that the arbitration agreement is not unconscionable under Virgin Islands law and is fully enforceable. Because I find that the clause is enforceable, I will grant Little Switzerland's motion to dismiss.

## B. Motion to Compel Arbitration

Little Switzerland moves to compel arbitration pursuant to the agreement, which mandates arbitration for any and all disputes arising from Alejandro's employment. This Court has jurisdiction to compel arbitration because both parties reside in the Virgin Islands and the dispute arose in the Virgin Islands. *Cf. Econo-Car International, Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 11 V.I. 258 (3d Cir. 1974) (holding that the District Court of the Virgin Islands does not have jurisdiction to compel arbitration in Massachusetts). Because I find that

the agreement's arbitration clause is fully enforceable, I will grant the motion to compel arbitration.

## II. CONCLUSION

For the reasons stated above, I find that the arbitration clause contained in the agreement between Alejandro and Little Switzerland is fully enforceable. Accordingly, I will grant Little Switzerland's motion to compel arbitration and will dismiss Alejanedro's claim, without prejudice, pending the arbitration proceedings.